## 9496.  BARNEY *v.* THE STATE.

1. Under the facts of this case it was not error to refuse to declare a mistrial because a police officer, on cross-examination by counsel for the accused, said, in regard to the accused, "We had him up here before."
2-4. There was sufficient evidence to authorize a finding, that the accused was guilty of the charge of having intoxicating liquors in his possession, and that the time of the commission of the offense was within the statute of limitations. The question as to venue, raised in the motion for a new trial, was not argued in the brief of counsel for the plaintiff in error, and therefore is treated as having been abandoned.

DECIDED APRIL 2, 1918.

Accusation of misdemeanor; from city court of Savannah—Judge Rourke.   December 22, 1917.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

HARWELL, J.  Prince Barney was charged with selling intoxicating liquors, and also with having intoxicating liquors in his possession.   He was found guilty of having intoxicating liquors in his possession.   The officers who searched his place found a considerable quantity of liquor on and near his premises, in quarts and half-pints.   It was testified that this was his place of business, that he stayed there all the time, lived there, and had a dance going on there on the night on which the officers found the liquor, and one witness testified that the defendant said that the place in question was his place.   In his statement at the trial the defendant denied that the place belonged to him, and said that he knew nothing about the liquor being there.   He made a motion for a new trial, which the court overruled, and he excepted.

1.   The special ground of the motion for a new trial complains that the court refused to declare a mistrial because one of the State's witnesses, the chief of the county police, on cross-examination, testified in response to a question asked him by counsel for plaintiff in error, "We had him up here before."   This ground sets out that the following occurred in the cross-examination of this witness:   "Q. Don't you know that it is her (Hettie Green's) place?  A. No, I know it is Prince Barney's.  Q. I mean the title

to it.   A. The title on the books is Prince Barney's.   Q. How do you know?   A. 1 know it is; I went and looked at it, at the tax-book.   Q. What made you go and look at it?   A. We had him up here before.   By counsel for defendant: I ask for a mistrial in this case on account of that statement.   By the court: I decline to grant it.   By counsel for defendant: The answer was not re-sponsive to my question.   By the court: I decline to grant a mis-trial in the case.   The jury are not trying whether he was here before or not, but on the evidence in this case."   No motion was made to rule out the testimony, defendant's counsel simply mak-ing a motion for a mistrial.   There was no error in refusing to de-clare a mistrial under these circumstances.

2.   The ground that venue was not proved, not being argued in the brief of counsel for the plaintiff in error, will be treated as abandoned.

3.   The proof was sufficient to fix the time of the commission of the offense, and to show that it was within the statute of limita-tions.   The sheriff was with the other officers when the raid on the defendant's place was made and the liquor found on his prem-ises.   In connection with his testimony describing the raid and the finding of the liquor at defendant's place of business, the sheriff testified:   "I am sheriff of Chatham county and was such on September 12th of the present year [1917]; that is the date this violation is said to have occurred,—on Monday night."   The record shows that the trial occurred on November 3, 1917.   The testimony of the sheriff fixing the time and describing the finding of the liquor at defendant's place of business was not, as the record shows, based on hearsay, but on his own knowledge of the facts about which he was testifying.

4.   The verdict finding the defendant guilty of having intoxicat-ing liquors in his possession was amply supported by the evi-dence, and the trial judge properly refused to grant a new trial. *Judgment affirmed.   Broyles, P. J., and Bloodworth, J., concur.*