25322.   POPE *v.* THE STATE.

DECIDED JANUARY 17, 1936.

*E. L. Stephens, R. Earl Camp,* for plaintiff in error.
*J. A. Merritt, solicitor-general, C. S. Claxton,* contra.

GUERRY, J.   1.   The defendant was indicted for murder, and was convicted of involuntary manslaughter in the commission of an unlawful act.   It was charged that the assault was made and the killing was done with an automobile driven by defendant.   In the motion for new trial complaint is made that certain named jurors were related within the prohibited degree to the prosecutor.   One of the jurors, Canady, was alleged to be related to Williams, the prosecutor, as follows:   Bee Ann Williams, who was the sister of Sam Williams, the grandfather of the prosecutor, married E. S. Fortner.   Mrs. Millie Fortner Frost was a sister of E. S. Fortner, and was the grandmother of the wife of the juror Canady.   Another of the jurors, C. T. Blizzard, was alleged to be disqualified, because

Sam Williams, the grandfather of the prosecutor, married Miss Tillie Moye, whose brother, Zack Moye, married Miss Ellie Hutchinson, and her father Joe Hutchinson was a second cousin of the grandfather of the wife of the juror. The wife of another juror, Wilson, was alleged to be related as a fourth cousin to the wife of the prosecutor. In none of the cases is the relationship alleged that of consanguinity. As was said by Judge Bleckley in *Central R. Co.* v. *Roberts,* 91 *Ga.* 513, 516 (18 S. E. 315) : "Marriage will relate the husband by affinity to the wife's blood relations, but will not relate the husband's brother to any of her relations." There is therefore no merit in these grounds.

2. On account of its brevity, we quote from the entire charge of the court, as follows : "Gentlemen of the jury, the grand jury of your county has returned a bill of indictment against the defendant, charging him with the offense of murder. Counsel for the State and the defendant agree and insist that murder is not involved in this case; and there is only one grade of homicide that is involved, and that is involuntary manslaughter. To that indictment the defendant pleads not guilty, and that forms the issue you are called upon to try. The defendant in this case, as in all criminal cases, enters into the trial of the case with the presumption of innocence in his favor, and that presumption goes with him throughout the entire trial of the case until met and overcome by evidence which satisfies you of his guilt of the crime charged, beyond a reasonable doubt. Moral and reasonable certainty is all that can be attained in a legal investigation. The true question, however, in all criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy you beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant has made a statement in your hearing. To that statement you can give just such weight and credit as you think it is entitled to receive. You can believe it in preference to the sworn testimony in the case, and acquit the defendant. Now, gentlemen, the law under which this defendant is being prosecuted is as follows : Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary upon a sudden heat of passion, or involuntary in the commission of an unlawful act, or a lawful act without

due caution and circumspection. Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner. If the homicide was unlawful, and if there was no intent to kill and no malice, and it was without any mixture of deliberation whatever, but was in the commission of an unlawful act, the offense would be involuntary manslaughter in the commission of an unlawful act. If the act was lawful but without malice or the intent to kill, and without due care and caution to the extent of gross neglect, the offense would be involuntary manslaughter in the commission of a lawful act. It is insisted in this case by the defendant that this was an accident. He insists that he was violating no law, that he was on his side of the road, and that he was not under the influence of whisky, and that he was operating his car within the laws of the State of Georgia, and that it was an accident; and upon that subject I charge you the following: A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design or intention, or culpable neglect." Then followed the forms of verdict that may have been rendered.

This defendant, if guilty of involuntary manslaughter in the commission of an unlawful act, as found by the jury, was guilty because his conduct on the occasion of the death of the deceased amounted to a violation of some law of this State. The charge failed to tell the jury what laws might be considered by them in determining whether the actions of the defendant on that occasion were or were not unlawful. Nowhere did the court give the rules of law applicable to the facts as developed by the evidence, but merely stated to the jury that "if the homicide was unlawful" or was in the "commission of an unlawful act," it would be involuntary manslaughter. "The office of a charge by the court is to give to the jury such instruction, touching the rules of law pertinent to the issue involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents, law and fact, make a verdict." *Rouse* v. *State, 2 Ga. App.* 184 (58 S. E. 416); *Nelson* v. *State,* 124 *Ga.* 8 (52 S. E. 20); *Thomas* v. *State,* 95 *Ga.* 484 (22 S. E. 315). A charge should instruct the jury as to the rules of law which apply to the various

issues, and which they must observe in deciding upon their verdict, when they shall have determined the controverted matters of fact. *Walker* v. *State,* 10 *Ga. App.* 85 (72 S. E. 531). *"General charges, however abstractly true, are worse than useless—their effect being to misguide, instead of directing the jury to a right finding."* *Haynes* v. *State,* 17 *Ga.* 465, 483. See also *Ransome* v. *Christian,* 56 *Ga.* 351. To charge that involuntary manslaughter is the killing of a human being in the commission of an unlawful act, without anywhere defining what is an unlawful act as applied to the facts of the case, is a failure to give to the jury such rules of law as they are to apply in determining whether the acts shown are unlawful. The jury must first determine what acts have been committed, then apply to such acts the rules of law as given to them by the court, and then determine whether such acts, applied to those rules, make out the offense charged. We are of the opinion that the court erred in not giving in charge the definition of an unlawful act with regard to involuntary manslaughter, and in not giving to them those laws which the evidence might tend to show were violated. Without these, the jury was like a mariner without a compass. It was therefore error to overrule defendant's motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*