## 53412. CARTER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction and sentence for burglary. *Held:*

There is but one question presented: Did the trial judge err in failing to grant the defendant's motion for mistrial? The issue arises out of the following facts.

During cross examination of the complaining witness, defendant's counsel asked the following question: "Do you know whether or not they [neighbors of the witness] were home that day, April 10th [date of the burglary]?" To which the witness replied: "No sir, they weren't — cause they was broke in, too." Counsel then asked: "They were broken in, too?" And received the answer: "Right."

No objection was interposed at that time. Nev-

ertheless, when the witness was excused, out of the jury's presence, defendant's counsel moved for a mistrial because: the first answer was unresponsive; it introduced into evidence other crimes which were not relevant and not the subject of the indictment; it tended to place the defendant's character into evidence by charging him with another crime.

The trial judge overruled the motion and offered defendant's counsel the option (1) of having the trial judge strike the testimony, instruct the jury to disregard and disabuse their minds of such statement or (2) that nothing would be said to the jury. Defense counsel declined to choose either option and insisted on his motion for mistrial. Hence, the trial judge left the testimony in and did nothing.

Although the statement by the witness might be objectionable, a mistrial was not required. Striking the testimony followed by an admonition would have been sufficient.

Although the civil practice has changed (see CPA § 46 (b) (Code Ann. § 81A-146 (b); Ga. L. 1966, pp. 609, 655)), in criminal cases the old rules concerning a motion for mistrial apply. *Lane v. State,* 118 Ga. App. 688 (3) (165 SE2d 474); *Clyatt v. State,* 126 Ga. App. 779, 786 (4) (192 SE2d 417). Here, defendant was offered an opportunity to have the testimony ruled out, and chose a mistrial or nothing. See *Barney v. State,* 22 Ga. App. 120 (95 SE 533). Hence, under the circumstances outlined it was not error to refuse to grant a mistrial.

Furthermore, in this case even if the testimony had been stricken there would still be similar evidence in the record resulting from the second question asked by defendant's counsel. By reiteration, any damaging effect was reinforced by counsel for defendant ("induced error"). Thus, the defendant could not benefit from the exclusion of the evidence to which he addressed his motion for mistrial. Code Ann. § 38-1713 (Ga. L. 1971, p. 460) prevents waiver of objection to evidence offered on *direct* examination by subsequent cross examination. It is not applicable here.

We therefore find no error harmful to the defendant.
*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977.

*Leon A. Wilson, II,* for appellant.
*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.