**56986, 56987. LOGUE v. THE STATE (two cases).**

SMITH, Judge.

The appellants, Alonzo and Ethan Logue, appeal from a jury verdict convicting them of voluntary manslaughter. We reverse.

The appellants and the decedent were traveling at night and in the same direction when certain incidents occurred which caused both vehicles to stop. The car which decedent was driving stopped directly behind the appellants' truck. Appellant Alonzo got out from the driver's side of his truck and went back to the decedent. The testimony is conflicting as to whether or not Alonzo pulled the decedent from the car and struggled with him. The testimony is also conflicting as to whether or not shots were fired during this confrontation. Appellant Ethan

Logue got out of the truck from the passenger's side, crossed between the vehicles, and, upon reaching the other side, shot the decedent as the decedent allegedly turned and pointed a gun at him. The appellants in their testimony and statements to the investigating officers claimed that Ethan acted in self-defense.

Appellants contend that the trial court erred in denying their motion for a new trial, in charging the jury on confessions, voluntary manslaughter, self-defense, and applying the facts, and in allowing the state to make improper arguments to the jury. Each appellant entered identical briefs on appeal listing identical enumerations of error and, therefore, we will treat their enumerations together.

1. The denial of appellants' motion for a new trial on general grounds was not error. The proper standard to be used by this court in reviewing the overruling of motions for a new trial on general grounds is the "any evidence" test. *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d 60) (1975). The record shows sufficient evidence to meet this test.

2. Enumerations 2, 3, and 4 are similar and, therefore, are treated together. Appellants claim that the trial court erred in charging the jury on confessions and that, by confusing the terms "admissions," "confessions," and "statement" in the charge, the trial court prejudiced and confused the jury. At issue in these enumerations is whether or not appellants' statements were confessions. A statement which admits the commission of an act, but which also gives legal excuse or justification, is not a confession. *Owens v. State,* 120 Ga. 296 (2) (48 SE 21) (1904). An incriminating statement differs from a confession of guilt in that the former is an admission of one or more of the facts entering into the criminal act while the latter is a confession of the entire criminal act. Id. at 298. The appellants testified that the decedent was shot in self-defense, which is a justification recognized as a defense to murder or voluntary manslaughter. The record shows that the appellants' statements were merely incriminating statements and not confessions. Where a defendant has made only incriminating statements and not a confession, it is reversible error to charge the law of

confession. *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478) (1946); *Secrist v. State,* 145 Ga. App. 391, 392 (243 SE2d 599) (1978). The trial court charged that the jury must determine whether an "admission or confession" was made and, if made, whether it was made voluntarily and that "before an admission or confession was made to a law officer is admissible or should even be considered, that the person making the same shall have . . . [his Miranda rights explained to him.]" Since there was no confession, the trial court erred in charging on confessions. Such error could have prejudiced the jury in their evaluation of appellants' statements and requires the grant of a new trial.

3. All other enumerations of error are without merit.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED APRIL 4, 1979 — REHEARING DENIED MAY 8, 1979 IN CASE NO. 56986.

*Larsen & Lewis, W. W. Larsen, Jr.,* for appellants.
*Beverly B. Hayes, Jr., District Attorney,* for appellee.