## 62191, 62192. HARDEN v. THE STATE (two cases).

CARLEY, Judge.

Appellant was indicted alternatively for motor vehicle theft and theft by receiving the same stolen automobile. The jury returned a verdict finding appellant guilty of motor vehicle theft. Case No. 62191 is appellant's pro se appeal from the judgment of conviction. Case No. 62192 is appellant's appeal from the denial of his motion for new trial, filed by his counsel. In the interest of judicial economy the two appeals are consolidated for review. See *Daniel v. State,* 248 Ga. 271 (282 SE2d 314) (1981).

1. At the close of the state's evidence appellant moved for a directed verdict of acquittal as to the motor vehicle theft count on the ground that the state's proof that appellant possessed the vehicle some 11 days after it was stolen was insufficient evidence of "recent possession" to authorize a conviction on that alternative count. Counsel for the state disagreed. After some discussion between the trial court and counsel for appellant and for the state, the following colloquy occurred.

The Court: "Well, I'll reserve my ruling on that. It is something that troubles me. I may well direct it after the jury comes back, but I'm not prepared to do it at this time."

Counsel for the state: "I'll tell you what, if you want to do it, that is all right with me."

The Court: "All right. Direct a verdict. You ready to proceed?" The jury returned to the courtroom but before the trial was resumed, the counsel for the state requested a bench conference. Apparently at that bench conference the counsel for the state requested an opportunity to discuss appellant's motion for directed verdict further. The trial court then agreed to hear from the state on appellant's motion at a later time. The trial thus proceeded without

the jury being informed that appellant had moved for a directed verdict or the trial court's disposition of that motion. At the conclusion of all the evidence and while the jury was outside the courtroom, the court was reminded that the state had yet to be afforded the opportunity to discuss further the matter of appellant's motion for directed verdict. Thereupon the following discussion took place:

Counsel for the state: "Judge, assuming I can give you cases that will convince you that motor vehicle theft should be charged, then I would suggest a charge on recent possession would be in order."

The Court: "All right. If we do have that, then I will charge on auto theft and recent possession." A recess was taken and the state's counsel returned with cases supporting his original argument that possession of property 11 days after it was stolen was sufficiently "recent" to authorize a charge on and a conviction of motor vehicle theft. As the result, the trial court "withdrew" the direction of the directed verdict and informed counsel that a charge on motor vehicle theft would in fact be given. No specific objection was raised by appellant's counsel at that time to the trial court's "withdrawal" of the directed verdict and, as a consequence, the principles of law relevant to the motor vehicle theft count were given and the jury's verdict of guilty as to that count was returned.

On appeal appellant asserts the trial court's actions in "withdrawing" the original grant of a directed verdict and in submitting to the jury the issue of appellant's guilt of automobile theft placed him twice in jeopardy for the same offense. If the record before us demonstrated that appellant had in fact been "acquitted" of the charge we would find merit in the argument that appellant's conviction was obtained in violation of his constitutional rights. While we cannot condone or countenance the actions of either the trial court or the state's counsel in this case, we are compelled to hold that those actions did not result in a violation of appellant's fifth amendment double jeopardy rights.

It is appellant's contention that he was "acquitted" of the charge when the trial court, with the seeming approval of the state, orally granted the motion for directed verdict at the close of the state's case. However, this oral statement by the trial court was not a final judgment of appellant's acquittal of the charge. "What the judge orally declares is no judgment until it has been put in writing and entered as such. [Cits.]" *Williams v. City of LaGrange,* 213 Ga. 241, 242 (1) (98 SE2d 617) (1957). The defendant in a criminal case cannot claim that the trial court's oral pronouncements from the bench have the finality of a judgment. See *Conley v. Pope,* 161 Ga. 462 (3) (131 SE 168) (1925). Compare *State v. Germany,* 246 Ga. 455 (271 SE2d 851)

(1980) (interpreting Code Ann. § 27-1404 which provides that "[A]t any time before judgment is *pronounced,* the prisoner may withdraw the plea of 'guilty' . . ." (Emphasis supplied.) Nor was the trial court's "directed verdict" ever published in open court in the presence of the jury which ultimately adjudicated appellant's guilt. "A verdict is not a verdict in law until received and published in open court . . . [Cit.]" *Irvine v. Grant,* 15 Ga. App. 269 (1) (82 SE 819) (1914). Since the trial court's oral grant of appellant's motion was not a final adjudication of his acquittal, appellant cannot assert that the instant appeal is, in essence, an appeal by the state from the grant of a directed verdict in a criminal case. See generally *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246) (1970). Compare *State v. Warren,* 133 Ga. App. 793 (213 SE2d 53) (1975). The only final verdict appearing in the record before us is that of the jury, a verdict which was not returned in proceedings conducted subsequent to a final adjudication of appellant's acquittal. It follows that appellant's contention that his conviction was obtained in violation of fifth amendment prohibition against double jeopardy is meritless. "The record does not show a termination of the case and an attempt to retry the defendant and thereby place [him] in jeopardy again for the same crime." *Sessions v. State,* 131 Ga. App. 379, 380 (206 SE2d 99) (1974).

2. Appellant next asserts that he was denied the right to a fair trial. In support of this enumeration appellant asserts, in essence, that he was denied the right to defend against the motor vehicle theft charge when the trial court "withdrew" the directed verdict on that charge at the close of the evidence.

The transcript before us demonstrates that when the directed verdict was "withdrawn," during the charge conference, appellant's counsel merely objected to that procedure and did not specifically request that any ameliorative actions be taken to counteract any prejudice to the defense which might be occasioned by that withdrawal. Having determined that it was not reversible error to withdraw the oral grant of the motion for directed verdict, the question then becomes whether appellant should have requested curative relief from the trial court when it became clear that the issue of motor vehicle theft would be submitted to the jury. We believe that it would have been better and preferred practice for the trial court, having determined to withdraw the directed verdict, to offer sua sponte defense counsel a choice of curative actions to insure that any surprise or injustice resulting from the rather late determination to submit the issue to the jury would not prejudice appellant. Such curative relief could include, among others, a mistrial, a continuance or the right to reopen the case to introduce any evidence not otherwise presented which would be relevant to the defense to the

charge being submitted to the jury. Under such circumstances as exist in the instant case, it would have been a clear and flagrant abuse of discretion for the trial court to have denied appellant the right to reopen the case to present any evidence of a defensive nature which had not been offered in the case-in-chief in reliance upon the oral grant of the directed verdict. What we must decide, however, is whether it was reversible error for the trial court to withdraw the directed verdict without also offering appellant the opportunity he did not request but which he now urges was denied to him, the chance to defend against the charge of automobile theft.

We find no case on all fours with the troublesome situation which exists where the trial judge's actions have misled counsel concerning the nature and scope of the case against his client. The closest analogous situation is where the trial court, in contravention of Code Ann. § 70-207 (b), by its actions has misled counsel concerning the principles of law that will be given in the jury charge. In those circumstances, *Daniels v. State,* 137 Ga. App. 371, 375 (224 SE2d 60) (1976) found the following "practical solution" to be applicable: " 'Where the court, in its charge, includes matter con- tained in a rejected request, the party or parties affected thereby should . . . call the attention of the court to the specific matter and request the right to argue that particular matter to the jury . . . Such a solution will afford opportunity to obviate granting new trials or making errors which *may* be prejudicial. Here no request to reargue was made by counsel who treated the situation as static. Counsel is not to be criticized for failing to make this request since this provision of the Rule is novel and he had no precedent to guide him. However, this is no reason to require a retrial which could have been saved by the aforestated natural procedure.' [Cit.]"

The application of this rationale to the facts of the instant case demonstrates that when the directed verdict was withdrawn, ap- pellant's counsel made no request of the trial judge to reopen the case. Appellant was apparently insisting instead that he was entitled to a directed verdict on the merits, either because the trial court did not have the authority to withdraw the oral grant of a directed verdict or because the state had failed to make out its case as to the motor vehicle charge. Thus, once it was determined that the directed verdict would be withdrawn and the case be submitted to the jury, appellant's counsel apparently determined to treat the situation as "static." The transcript demonstrates that appellant was insisting upon his "right" to a directed verdict on constitutional or evidentiary grounds and that he made no request that his defense as to the alternative count be reopened for the presentation of any evidence which would have been offered save for the trial court's oral grant of

the directed verdict. Since appellant's counsel did not request a reopening of the case for defensive purposes and, instead, ably argued the issue of appellant's guilt or innocence of the motor vehicle theft charge before the jury, we must conclude that there was at least a tacit acquiescence in the submission to the jury of the issue of appellant's guilt or innocence of the alternative count on the evidence then before the court. It follows from the fact that any issue concerning the submission of the case to the jury in the evidentiary posture in which it was in fact submitted could have been obviated by appellant's request that the case be reopened, (see generally *Fordham v. State,* 125 Ga. 791 (54 SE 694) (1906)), "the initial ['withdrawal' of the motion for directed verdict] is not, by itself, a proper basis for the grant of a new trial." *Daniels v. State,* 137 Ga. App. at 376, supra. Thus, without giving judicial sanction to the actions of the trial court, we are unable to conclude that those actions, in the context of the instant case, prejudiced appellant's right to a fair trial on the issue of his guilt on the alternative count.

3. Appellant enumerates the general grounds. The evidence was sufficient. *Warfle v. State,* 157 Ga. App. 196 (276 SE2d 689) (1981). Having reviewed the evidence in the light most supportive of the jury verdict, we conclude that a rational trior of fact could have found appellant guilty of motor vehicle theft beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 12, 1981 —
REHEARING DENIED NOVEMBER 30, 1981
IN CASE NO. 62192 — 

*Myra H. Dixon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.