## 64808. TUGGLE v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction for voluntary manslaughter.

1. Appellant's enumerations of error challenge the trial court's instructions to the jury on the law of confessions and the court's subsequent recharge on the law of admissions. A statement given to police by appellant after his arrest, and read into evidence at trial, contained, in pertinent part, the following: "Grady got up and went in the back [of the apartment] and I thought he was going after a gun cause he had threatened me about [Grady's girl friend] before. I beat him back to the bedroom, he was drunk, and I got the gun out of the suitcase. . . . Joe was telling me not to do anything wrong. They were both coming towards me and I thought they were going to hurt me. Joe pushed me, I fell down behind the bed. I just came up shooting. I wasn't aiming at anybody in particular; I just started firing."

After the trial court completed its charge to the jury, counsel for both the state and for the defense pointed out that appellant's statement was not a confession, but an admission. Defense counsel moved for a mistrial on the ground that the charge on confession was prejudicial. The motion was denied. The trial court called the jury back and instructed them that they should consider appellant's statement as an admission rather than a confession. Defense counsel then renewed the motion for a mistrial on the ground that the recharge did not sufficiently erase the original charge from the jury's mind. This motion was denied.

On appeal, appellant asserts that the initial charge on confessions was erroneous in that it tainted his defense by placing the jury under the impression that he was admitting his guilt. Appellant further contends the recharge was misleading and ambiguous and did not adequately withdraw the erroneous original charge or set forth clearly the applicable law.

"[A] mere incriminating statement is made where the accused, though admitting to damaging circumstances, nonetheless attempts to deny responsibility for the crime charged by putting forward exculpatory or legally justifying facts. Thus, 'A statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact.' [Cit.]" *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974). The statement given by appellant was exculpatory in nature, and was not a confession. *Johnson v. State,* 242 Ga. 822 (1) (251 SE2d 563) (1979); *Robinson,* 232 Ga. at 126, supra. "Where the accused has made only an incriminating statement and not a confession, it is prejudicial error to charge the law of confession." *Robinson,* 232 Ga. at 125 (2),

supra, *Pressley v. State,* 201 Ga. 267, 271 (39 SE2d 478) (1946). See also *Fletcher v. State,* 90 Ga. 468, 471 (3) (17 SE 100) (1892); *Logue v. State,* 149 Ga. App. 797, 799 (256 SE2d 31) (1979); *Norrell v. State,* 116 Ga. App. 479, 487 (157 SE2d 784) (1967); *Carter v. State,* 90 Ga. App. 61 (2) (81 SE2d 868) (1954); *Chappell v. State,* 71 Ga. App. 147 (30 SE2d 289) (1944).

Although the trial court's initial instruction on confessions was error, after it was brought to the trial court's attention that the appellant's statement an admission rather than a confession, the trial court called the jury back in for curative instructions. Generally, a trial court may correct errors in a charge by calling attention to the erroneous part of the charge and giving the jury the correct rule. *Rawlins v. State,* 124 Ga. 31, 33 (13) (52 SE 1) (1905). " 'A proper instruction to the jury may cure an improper one, where the correct one explains away the defect in the improper one . . .' [Cit.]" *Troup v. State,* 85 Ga. App. 138, 153 (68 SE2d 195) (1951), reversed in part on other grounds, 209 Ga. 9 (70 SE2d 470) (1952).

While the subsequent instruction on the law of admissions in the instant case was perhaps not as clear as it might have been, we hold that it was sufficient to inform the jury of the withdrawal of the original erroneous charge on confessions and to provide the substance of the correct legal principles applicable to admissions. In giving the recharge, the court stated repeatedly that appellant's statement was not to be taken or considered as a confession and that the jury should draw no inference from the fact that the court had earlier given a charge on confessions, rather than admissions. The court further instructed the jury to consider appellant's admission in light of the defenses of justification or self defense. " '[S]ubstantial correctness, rather than mathematical accuracy, is required of the trial judge in instructing the jury.' [Cit.]" *Troup,* 85 Ga. App. at 153, supra. Appellant's enumerations of error complaining of the incorrect charge and the subsequent recharge are without merit. See *Jones v. State,* 246 Ga. 109, 112 (269 SE2d 6) (1980); *Foster v. State,* 230 Ga. 870, 871 (2) (199 SE2d 790) (1973); *Shurley v. State,* 210 Ga. 136, 137 (2) (78 SE2d 27) (1953).

The trial court's denial of appellant's motion for mistrial was not an abuse of discretion. See *Sims v. State,* 243 Ga. 83, 86 (4) (252 SE2d 501) (1979). See also *Wofford v. State,* 152 Ga. App. 739, 740 (2) (263 SE2d 707) (1979); *Cochran v. State,* 144 Ga. App. 820 (1) (242 SE2d 735) (1978); *Shelly v. State,* 107 Ga. App. 736, 738 (4) (131 SE2d 135) (1963). After the court denied appellant's renewed motion for mistrial, counsel for the appellant did not request additional curative instruction. See *Carter v. State,* 141 Ga. App. 464, 465 (233 SE2d 856) (1977); *Barney v. State,* 22 Ga. App. 120 (95 SE 533) (1918). There was

no error in refusing to declare a mistrial.

2. Appellant also complains that the trial court erred in expressing an opinion which was prejudicial to appellant. This objection, made for the first time on appeal, comes too late. *Cochran v. State,* 144 Ga. App. at 821 (3), supra.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 5, 1983.

*Myra H. Dixon,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.