## 40226. LOGUE v. THE STATE.

WELTNER, Justice.

Alonzo Logue was convicted of voluntary manslaughter for shooting and killing another with a handgun. Included in his enumerations of error is a constitutional challenge to the voluntary manslaughter statute.

This case twice was tried and twice reversed. *Logue v. State,* 149 Ga. App. 797 (256 SE2d 31) (1979); *Logue v. State,* 155 Ga. App. 476 (271 SE2d 42) (1980). This appeal is from Logue's third conviction of voluntary manslaughter. The facts are essentially the same as those set out in 149 Ga. App. 797.

1. Logue's contention that the voluntary manslaughter statute is unconstitutionally vague is without merit.

"A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a) (Code Ann. § 26-1102). The words "sudden, violent and irresistible passion" and "serious provocation" are capable of common understanding. *McCord v. State,* 248 Ga. 765 (285 SE2d 724) (1982).

2. Logue challenges the sufficiency of the evidence. After reviewing the facts of this case, we conclude that a rational trier of fact could have found Logue guilty beyond a reasonable doubt of the crime charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979).

3. Logue contends that he was denied his constitutional right to a speedy trial. The record shows that Logue was arrested on December 19, 1976 and indicted two months later for murder. The first trial took place in November 1977, and the second trial in August 1979. The third trial was postponed by a change of venue and then conducted in November 1981. Continuances were requested and granted to both sides. This contention is without merit. See *Washington v. State,* 243 Ga. 329 (1) (253 SE2d 719) (1979).

4. The trial court did not err in failing to define the words "serious provocation" as a part of its charge on voluntary manslaughter, as that term can be understood in its ordinary meaning.

5. Logue contends that the trial court erred in refusing to grant a mistrial where the alternate juror remained in the jury room during initial deliberations.

At the close of the evidence, the alternate juror erroneously entered the jury room and remained approximately forty minutes during deliberations before he was removed. Upon examination of all of the jurors, the trial court found that no formal discussions had ensued and no vote had been taken. The jurors stated that the alternate juror's presence in no way influenced their decision. We find no error. See *Johnson v. State,* 235 Ga. 486 (6) (220 SE2d 448) (1975).

6. The trial court did not err in denying Logue's motion for a polygraph examination where the state would not stipulate as to the admissibility of such tests. See *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977). Further, no foundation for admissibility was laid, as discussed in *Harper v. State,* 249 Ga. 519 (292 SE2d 389) (1982).

7. The remaining enumerations of error are without merit.
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1983.

*Larsen & Larsen, W. Washington Larsen, Jr.,* for appellant.
*Beverly B. Hayes, Jr., District Attorney, H. Jeff Lanier, William T. McBroom III, Assistant District Attorneys,* for appellee.