A91A0652. CHESSER et al. v. WALLACE et al.
(408 SE2d 814)

ANDREWS, Judge.

Driver Chesser and passenger Waters sued Wallace, Express America, Cook Transports, and the insurers of the two companies for injuries suffered when Chesser's pickup ran into the side of a tractor trailer rig operated by Wallace. A claim for loss of consortium was filed by Waters' wife. Plaintiffs dismissed without prejudice as to Cook and its insurer during trial. Chesser and Waters appeal from the jury's verdict in defendants' favor.

The accident occurred shortly before 5:00 a.m. on Highway 341 north of Brunswick, Georgia. Highway 341 is five lanes, including a turn lane. The tractor trailer was pulling out of a shopping center parking lot, turning into the southbound lanes of the highway. The tractor was turned southwesterly, with its headlight beams shining toward the shoulder of the highway. Tractor and trailer extended across both northbound lanes, the turn lane, and the innermost southbound lane. There was no illumination in the area other than vehicle lights and there were no marker lights on the side of the trailer as required.

Chesser's pickup truck left 30 feet of skid marks before impacting the trailer and its roof was nearly totally sheared from the body. The pickup was wedged beneath the trailer until wreckers lifted the trailer off.

The pretrial order delineated the issues, including whether Wallace was an agent of Express America and whether Chesser was negligent so as to have caused or contributed to the accident.

Appellants' brief is not in compliance with Rule 15 of this court, in that the argument is not numbered sequentially following the enumeration of errors but is one continuous argument, Rule 15 (c) (1) and some enumerations are without citations of authority. Rule 15 (c) (2).

The mere repetition and rephrasing of an enumeration of error without more is not the argument anticipated by that rule. "The principal purpose of argument is to provide guidance to this court on the basis for a claim of error and for citations of authority which tend to support appellant's allegation of error. [Cits.] A mere recital, or repe-

tition, of the enumerated error is not argument. [Cits.]" *Montgomery v. City of Sylvania*, 189 Ga. App. 515, 517 (1) (376 SE2d 403) (1988); *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 355 (2) (358 SE2d 874) (1987).

1. The first enumeration is not supported with argument or citation and is deemed abandoned. Rule 15 (c) (2); *Prevost v. Taylor*, 196 Ga. App. 368, 370 (6) (396 SE2d 17) (1990).

2. The fifth enumeration alleges error in the court's giving of the following charge to the jury: "In order for the plaintiffs to recover their injuries and damages must have been the result of the proximate cause by the negligence of the Defendant Leroy Wallace, the driver of the truck. In order for the plaintiffs to recover they must prove to your satisfaction that Leroy Wallace's negligence was the sole and proximate cause of their damages and injuries."

This part of the charge, in isolation, is incorrect. However, the charge went on to correctly and fully express the differing standards to be applied to the claims of the driver Chesser and the passenger Waters. "[T]he isolation of segments of the overall charge to the jury and the individual dissection of such parts is not grounds for reversal. It is consideration of the charge as a whole that determines the issue." *Womack v. St. Joseph's Hosp.*, 131 Ga. App. 63, 64 (205 SE2d 72) (1974). The fifth enumeration is thus without merit.

3. We have reviewed the remaining enumerations of error and they are without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 22, 1991 — 

*W. Douglas Adams*, for appellants.
*Gilbert, Harrell, Skelton & Gilbert, M. Lynn Frey III*, for appellees.