## A92A1746. GREEN v. THE STATE.

(429 SE2d 694)

BIRDSONG, Presiding Judge.

After being tried for murder, two counts of aggravated assault, armed robbery, and two counts of possession of a firearm during the commission of a felony, Johnny Green was convicted only of the armed robbery. He now appeals that conviction. Green contends the trial court erred by refusing to accept a verdict even though the jury had returned to the courtroom and had announced it had reached a verdict on all charges, by recharging the jury after it had reached a verdict, by giving a repetitive, inaccurate and misleading recharge that was unduly coercive and unfairly suggestive, by excluding the testimony of a clinical psychologist, and by refusing to grant a timely motion for a continuance.

Green's brief does not comply with Rule 15 of this court; the argument is not numbered sequentially following the enumerations of error, but is one continuous argument. Rule 15 (c) (1). Further, some arguments are without citations of authority. Rule 15 (c) (2). *Held*:

1. The transcript shows that Green's first two enumerations of error, concerning charging the jury after the jury announced it had reached a verdict on all counts, arises from the trial court's attempt to correct what it believed was an erroneous response to the jury's request for further instruction. Before the recharge could be given, however, the jury advised that it had reached a verdict. Although the jury was returned to the courtroom, it was directed not to announce its verdict, and this verdict was not published. Then the trial court

recharged the jury to correct the earlier instruction, and returned the jury for further deliberation. The jury later returned, and published in open court, a verdict finding Green guilty of armed robbery. We find no error.

The trial court is obliged to charge the jury on the law applicable to the case. *Pope v. State*, 52 Ga. App. 411, 413 (183 SE 630). Therefore, the trial court was authorized to correct any errors in the charge (*Turner v. State*, 178 Ga. App. 888, 889-890 (345 SE2d 99); *Barraza v. State*, 149 Ga. App. 738, 739 (256 SE2d 48)), and could do so sua sponte. *Litmon v. State*, 186 Ga. App. 762, 763 (368 SE2d 530). Thus, the only issue is whether the trial court was precluded from doing so because the jury advised that it had reached and was ready to announce its verdict. Since "[v]erdicts acquire their legality from return and publication" (*Bradley v. State*, 135 Ga. App. 865, 870 (219 SE2d 451)), there was no verdict in this case until it was received and published in open court. *Bell v. State*, 163 Ga. App. 672, 674 (295 SE2d 147); *Harden v. State*, 160 Ga. App. 514, 516 (287 SE2d 329). Therefore, we hold that it was not error to recharge the jury because the verdict was not yet received in open court. *Mathews v. State*, 176 Ga. App. 394, 395 (336 SE2d 259); *Maltbie v. State*, 139 Ga. App. 342, 345 (228 SE2d 368). As the cases Green relies upon concern verdicts which were announced in open court or were incomplete for some reason, they are not persuasive. Moreover, since the court did not know what the jury's verdict had been prior to the giving of the corrective charge, it cannot be said that the recharge was an attempt to alter the jury's verdict. It must be assumed that the verdict as it was actually published was the correct verdict given under the corrective charge. Accordingly, the first two enumerations of error are without merit.

2. Green's third enumeration contends that the recharge was repetitive, contained inaccurate and misleading statements of the law, was unduly coercive and unfairly suggestive. The argument intended to support the enumeration, however, simply restates or rephrases the enumeration, e.g., "the recharge . . . was not a correct statement of the law" or "failed to charge the correct law," recites generally what the court stated, e.g., the "court first talked about what was theoretically possible" and "the court talked about conspiracy which it commingled with the definition of robbery," but the argument cites no authority, identifies no particular erroneous statement of the law, and contains no reference to the transcript. "The mere repetition and rephrasing of an enumeration of error without more is not the argument anticipated [in Rule 15]. The principal purpose of argument is to provide guidance to this court on the basis for a claim of error and for citations of authority which tend to support appellant's allegation of error. A mere recital, or repetition, of the enumerated error is not argument." (Citations and punctuation omitted.) *Chesser v. Wallace*,

200 Ga. App. 567-568 (408 SE2d 814). Further, argument merely rephrasing the enumerated errors is insufficient because enumerations are conclusory and insufficient to raise justiciable issues. *Craig v. State*, 205 Ga. App. 856 (424 SE2d 902); *Hunter v. State*, 201 Ga. App. 9, 10 (410 SE2d 204). Therefore, this enumeration of error is deemed abandoned. Court of Appeals Rule 15 (c) (3).

3. Green's fourth enumeration of error contends the trial court erred by excluding the testimony of a clinical psychologist. The argument made is included within the argument of the other enumerations, and has no citation of authority supporting Green's contention the trial court erroneously excluded this witness. The thrust of the argument presented is Green's defense "would have been" that he "lacked the mental acumen necessary to form criminal intent," a defense recognized in our law, that under OCGA § 16-3-3, one cannot be convicted of a crime which was the result of mental disease, injury, defect, or delusional compulsion, and that the psychologist's testimony may have enabled the jury to reach a proper verdict in light of the evidence presented. While there can be little dispute these contentions are correct generally, they are irrelevant to the trial court's ruling that excluded the psychologist's testimony because Green had not complied with the notice procedures of USCR 31.4 (A) and thus the issue was precluded by USCR 31.4 (B). See OCGA §§ 17-7-130; 17-7-131 and *Meders v. State*, 260 Ga. 49, 51-52 (389 SE2d 320). Since at trial Green acknowledged he had not provided the required notice, and he does not contend that he showed good cause for not doing so, the trial court did not err by excluding this testimony.

4. Finally, Green contends the trial court erred by denying a timely motion for a continuance so that he could receive final written psychological reports. As the party seeking the continuance, Green was required to demonstrate that he used due diligence in obtaining the reports, and the record does not demand a finding that Green exercised diligence in securing the report. OCGA § 17-8-20; *Fowler v. State*, 195 Ga. App. 874 (395 SE2d 33). Additionally, as the record shows that the psychologist who was to prepare the report testified and rendered his opinion at a pretrial hearing in the case, Green was not deprived of the information in the report. Granting a continuance is committed to the sound discretion of the trial court (OCGA § 17-8-22), and the trial court's exercise of this discretion will not be reversed on appeal unless it is clear the discretion has been abused. *Rhodes v. State*, 200 Ga. App. 193, 194 (407 SE2d 442). Under the circumstances of this appeal, we find no abuse of discretion.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 18, 1993.

*Friedman, Donaldson & Phillips, Robert P. Phillips III, Todd A. Hall*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.