A97A2474. ALTMAN v. THE STATE.
(495 SE2d 106)

BIRDSONG, Presiding Judge.

James R. Altman appeals his conviction of sexual battery and child molestation of his granddaughter. He enumerates six errors. *Held*:

1. Appellant contends the trial court erred by admitting testimony of Ms. Nelie "Granny" Gillis that bolstered the victim's credibility. Gillis testified to prior events that at least partially corroborated the victim's testimony; during her testimony she volunteered statements in the presence of the jury to the effect that everyone knew her, she wanted to tell the truth and would not lie, and that the victim would never lie to her about anything. There was no timely and specific objection made at trial to this testimony on the grounds of improper bolstering. Accordingly, this issue is not preserved for appellate review. *Simms v. State*, 223 Ga. App. 330, 331 (1) (477 SE2d 628); *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629).

2. Appellant contends the trial court erred in allowing certain testimony of prior sexual conduct of appellant, by Ms. Chapman, another granddaughter of appellant, to be heard by the jury. Appellant particularly asserts that the State failed to comply with the requirements of Uniform Superior Court Rule 31.3 (B) and *Williams v. State*, 261 Ga. 640 (409 SE2d 649). But compare *King v. State*, 264 Ga. 502, 503 (2) (448 SE2d 362); *Grier v. State*, 217 Ga. App. 409, 411 (2) (458 SE2d 139); *Chezem v. State*, 199 Ga. App. 869, 870-872 (3) (406 SE2d 522); compare also *Lucas v. State*, 215 Ga. App. 293, 294-295 (2) (450 SE2d 313).

Examination of the trial transcript reveals that, although appellant had previously objected to and the trial court had sustained an objection to the admission of similar transaction evidence, the testi-

mony of which appellant complains was introduced as rebuttal testimony following the testimony of appellant. At the time this evidence was actually presented, appellant elected not to pose a timely and specific objection to its admission in evidence. Further, the record does not reveal that appellant had a continuing objection authorized as to the admission of this evidence. See generally *State v. Larocque*, 268 Ga. 352 (489 SE2d 806). "If the court does not specifically grant a right to a continuing objection, it is counsel's duty to object to testimony as it is offered." Id. at 353. Moreover, at the point the original objections were made the "purpose" for which the testimony was being offered, that is, as rebuttal, was not apparent, and this particular issue was not addressed by the trial court. Compare *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160). By failing to pose a timely and specific objection at the time this testimony was elicited, appellant failed to preserve this alleged error for appellate review. See generally *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722); *Ledford v. State*, 264 Ga. 60, 67 (18) (a) (439 SE2d 917).

3. Appellant contends that the trial court erred in denying his mistrial motion after the victim testified that appellant committed oral sodomy on her when she was sleeping in her nightgown in the guest bedroom.

Following the testimony of the victim, the State asked and the victim answered two more questions before appellant called for an out-of-court hearing and tendered his mistrial motion. As neither the request nor the motion was made immediately following the allegedly improper testimony, the issue was waived. *Dye v. State*, 177 Ga. App. 824 (341 SE2d 314) (motion made two questions later); compare *Anderson v. State*, 199 Ga. App. 559, 560 (2) (405 SE2d 558). A mistrial motion not made at the time the testimony objected to is given is not timely. *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841).

Assuming the issue had been preserved for appellate review, we are satisfied that the trial court did not err in ruling that the testimony was part of the res gestae of the criminal transaction at issue. Compare *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470). " '(T)he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue.' (Citations and punctuation omitted.)" Id.; accord *Fitzgerald v. State*, 201 Ga. App. 361, 364 (4) (411 SE2d 102) (surrounding circumstances constituting part of res gestae may always be shown to the jury). The trial court did not abuse its discretion in admitting the res gestae evidence.

Additionally, assuming arguendo error had resulted, it would

have been "harmless under the standards of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869)." *Gentry v. State*, 212 Ga. App. 79, 82 (3) (441 SE2d 249). The victim's answer could not have shocked the jury "given all of the sordid details of this case that were [legitimately] introduced into evidence." *Chastain v. State*, 262 Ga. 178, 179 (3) (415 SE2d 629).

4. When a defendant is charged with sexual offenses, pornographic videotapes and pictures found lawfully in his possession are relevant and admissible, after a sufficient foundation has been laid, to show defendant's lustful disposition. *Miller v. State*, 219 Ga. App. 213, 218 (3) (464 SE2d 621).

The fact that one of the videotapes depicted an incestuous relationship between siblings and their parents does not alter this holding. Moreover, appellant's possession of one particular movie depicting an incestuous relationship, which "started out by the brother having sex with the daughter," had additional relevancy as it would partially corroborate the victim's testimony that appellant had shown her x-rated movies and that one of those movies "was like an incest movie. . . . Because his daughter was doing his brother and all that." If evidence is competent for any purpose, it is not erroneous to admit it; even evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395). *Roose v. State*, 182 Ga. App. 748 (356 SE2d 675), where the tapes at issue depicted the appellant and another male, both nude from the waist up, lying on a bed kissing each other, is distinguishable. Appellant's fourth enumeration of error is without merit.

5. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

6. The trial court initially charged the jury erroneously that the statute of limitation period was three years for child molestation. The jury commenced deliberation; however, before any verdict was reached, the trial court recalled the jury and gave them a corrected charge as to the statute of limitation period for the child molestation counts at issue. The trial court can call the jury back in from its deliberation for curative instruction; generally, the trial court may correct errors in a charge by calling attention to the erroneous parts of the charge and giving the jury the correct rule. *Tuggle v. State*, 165

Ga. App. 53, 54 (1) (299 SE2d 121). "The trial court is obliged to charge the jury on the law applicable to the case. [Cit.] Therefore, the trial court was authorized to correct any errors in the charge [cits.], and could do so sua sponte." *Green v. State*, 208 Ga. App. 1, 2 (1) (429 SE2d 694). A proper instruction on recharge may correct an improper instruction given in the original charge to the jury, where, as in this case, the correct instruction given on recharge explains away the defect in the previous improper charge. *Tuggle,* supra. Further, a corrective recharge may be given even though a jury has reached and is ready to announce its verdict, as no legal verdict occurs until it is received and published in open court. *Green,* supra. The trial court did not err in recharging the jury sua sponte, after the jury commenced its deliberation, to correct an erroneous charge. Id.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED DECEMBER 8, 1997.

*Mary P. Melton*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth A. Overcamp, Assistant District Attorney*, for appellee.