## A04A0979. McDOWELL v. THE STATE.
### (604 SE2d 575)

BARNES, Judge.

In this out-of-time appeal, Andrew McDowell contests his simple battery and obstruction of a law enforcement officer convictions, contending (1) the trial court erred by denying his motion for a continuance and (2) his trial counsel was ineffective. For the reasons that follow, we affirm.

1. McDowell contends the trial court should have granted him a continuance so that he could comply with the notice requirements of Uniform Superior Court Rules 31.1 and 31.4, which require a defendant to give the State ten days notice of his intent to raise an insanity defense. "Granting a continuance is committed to the sound discretion of the trial court (OCGA § 17-8-22), and the trial court's exercise of this discretion will not be reversed on appeal unless it is clear the discretion has been abused." (Citation omitted.) *Green v. State*, 208 Ga. App. 1, 3 (4) (429 SE2d 694) (1993).

The record shows that McDowell's counsel obtained an order for a mental evaluation of McDowell that revealed that McDowell suffered from bipolar disorder and intermittent explosive disorder, but was mentally competent and could differentiate between right and wrong. After his counsel received this report the week before trial, McDowell entered a plea of not guilty on the day his trial started.

At the start of trial, the State sought an order to preclude McDowell and other lay witnesses from referring to his diagnosed mental illness because expert testimony was required to establish a particular diagnosis, such as bipolar disorder, and McDowell failed to

provide notice of an insanity defense pursuant to Uniform Superior Court Rules 31.1 and 31.4. McDowell's counsel admitted that he was not asserting a legal defense of insanity, but argued that McDowell was nonetheless entitled to place his diagnosed mental condition before the jury in the form of lay testimony. The trial court granted the State's motion to exclude testimony that McDowell had been diagnosed as having a mental illness, but ruled that McDowell could present lay evidence of his demeanor, attitudes, and actions when faced with stress.

McDowell then asked the court for a continuance so that he could give timely notice of his intent to present lay testimony about his mental illness. Trial counsel did *not* ask for a continuance to assert an insanity defense. The trial court denied the motion because McDowell's mental illness was not relevant in the absence of an insanity defense.

We find no abuse of discretion. The trial court correctly concluded that McDowell's mental illness was not relevant in the absence of an insanity defense. *Paul v. State*, 274 Ga. 601, 603 (2) (555 SE2d 716) (2001) (psychological evidence irrelevant in light of defendant's failure to assert an insanity defense). Thus, no purpose would have been served by granting a continuance for McDowell's counsel to give notice of an intent to present evidence that would have been inadmissible.

2. McDowell waived his ineffective assistance of counsel claim by failing to file a motion for new trial raising this ground after the trial court granted him an out-of-time appeal. *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991) ("claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing").

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 7, 2004.

*Franklin H. Thornton*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.