## A06A0701. LAUREL v. THE STATE.
### (628 SE2d 208)

ELLINGTON, Judge.

A Chatham County jury found Cedric Laurel, Jr. guilty of two counts of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1), and two counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106 (b) (1). Laurel appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his convictions and that the trial court improperly responded to a question from the jury. Finding no error, we affirm.

1. Laurel contends that the evidence adduced by the State does not support his convictions. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On December 31, 2002, Cedric Laurel, Jr., Maurice Mincey, and Michael Ponder robbed the M & S Market in Savannah. Ponder, who was armed with a loaded .25 caliber pistol, led the group into the store. Laurel carried a plastic bag for the money. Mincey acted as lookout. All three men wore masks. Ponder leapt onto a meat counter, pointed his pistol at the store's owners, and forced them into a corner. Ponder went behind the front counter and tried to open the cash register, but failed. Laurel was also unable to open the register. Ponder forced one of the store owners to open the register, but the man was unable to comply because the register's lock mechanism was broken. As the owner struggled with the register, he heard a loud bang, and assumed the men were shooting. The owner grabbed a revolver he had hidden nearby and shot and killed Ponder. Laurel and Mincey fled, and the owner's wife called the police.

Laurel, who is Ponder's brother, returned to the store after the attempted robbery accompanied by his father. Later that evening, Laurel and his father went to the police station, and Laurel told the police that he and Mincey went to the store to try to stop Ponder from committing the robbery. Mincey, however, testified that Ponder needed money to pay off a drug debt and enlisted Laurel and him to help commit the robbery in exchange for a share in the proceeds. The three had discussed robbing the store earlier that day at Mincey's grandmother's house. All three made masks to cover their faces. Ponder wore several layers of clothing, suggesting a plan to strip away the clothes he had been seen wearing during the robbery to avoid identification. Ponder's pistol was found beneath his body. Ponder's shoe prints were also found on the meat counter, corroborating details of both Mincey's and the store owners' accounts of the robbery. Finally, police noted three bullet holes in the plexiglass around the store's front counter.

This evidence is sufficient to support Laurel's convictions beyond a reasonable doubt as a party to the crimes of aggravated assault with intent to rob and possession of a firearm during the commission of a felony. See OCGA §§ 16-2-20; 16-2-21; *Mack v. State*, 263 Ga. App. 186, 188 (2) (587 SE2d 132) (2003); *Cutkelvin v. State*, 258 Ga. App. 691, 693 (1) (574 SE2d 883) (2002).

2. Laurel contends the court erred in its response to a question posed by the jury during its deliberations. The jury asked the following question: "What did Cedric confess to [the detective] on the night that Mr. Laurel and Cedric met and talked to [the detective]? Can this be considered evidence in this case[?]" The court brought the jury out and discussed the note with the foreman as follows:

THE COURT: I have this note that you sent out asking about — I interpret this to mean asking about the content of a conversation that was held by the defendant and his father and [the detective].
THE FOREMAN: Yes, sir.
THE COURT: And asking further if it can be considered as evidence.
THE FOREMAN: Yes, sir.
THE COURT: To answer the last part of your question first, yes, it can be considered as evidence. However, I cannot tell you what the evidence was about any part of the case.

The court further instructed the jury on its duty to remember the evidence adduced and its role as factfinder. After the judge sent the jury to deliberate, Laurel complained about the jury's use of the word

"confess" in its question and excepted to the court's allegedly implicit acceptance of that "nomenclature."

The record reveals that Laurel made some incriminating statements, but there was no confession at issue in the case.[1] Further, Laurel did not request nor did the court give an instruction on the law of confessions. As the colloquy with the court reveals, the foreman simply wanted information about "the content of a conversation" between Laurel and the detective. "To confess," as used in this context, is synonymous with "to admit" or "to tell." Thus, there is no foundation for assuming the jury used "confess" as a term of art or that it suffered under any misapprehension of law that required an explanation about the legal import of the term "confession." Moreover, since there was no confession at issue in this case, it would have been error for the court to respond to the jury's question by giving what would have been essentially a charge on the law of confessions. *Tuggle v. State*, 165 Ga. App. 53, 53-54 (1) (299 SE2d 121) (1983) ("Where the accused has made only an incriminating statement and not a confession, it is prejudicial error to charge the law of confession."). Consequently, we find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 8, 2006.

*Donald B. Lowe III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

[1] As we have explained:

A mere incriminating statement is made where the accused, though admitting to damaging circumstances, nonetheless attempts to deny responsibility for the crime charged by putting forward exculpatory or legally justifying facts. Thus, [a] statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact.

(Citations and punctuation omitted.) *Tuggle v. State*, 165 Ga. App. 53, 53-54 (1) (299 SE2d 121) (1983).