## 48438. BOSTICK v. THE STATE.

EVANS, Judge. The defendant was convicted of the offense of theft by taking of a motor vehicle, from which conviction he appeals to this court. *Held:*

The sole enumeration of error is that the verdict is strongly against the weight of evidence, is contrary to the law and evidence; and does not exclude every other reasonable hypothesis save that of the guilt of the accused.

The evidence shows that on a certain date the owner of the automobile reported it missing. About one week later it was observed in a parking lot in the possession of two black males. A security guard saw the two black males drinking beer and requested them to leave the parking lot. One of them drove the vehicle from the premises, but the car stalled just a few feet therefrom. The security guard called the police, and as the police approached the vehicle, the defendant was found walking away from the automobile. The officers recognized him and inquired as to what was wrong with the automobile, to which he replied: "It wouldn't crank." The officers then drove the defendant to his home.

Subsequent developments disclose that the automobile in question was the stolen vehicle. The defendant testified at the trial, and admitted the above facts; but contends he was merely a passenger in the car and knew nothing about it or about the other black male; that defendant did not drive the car; that he had nothing to do with it, except he had been invited to drink beer with the other black male, and that he did not know the car was stolen. The other black male had disappeared after the car could not be cranked.

While the evidence is slight, and the defendant's sworn testimony raised some doubt as to whether or not he was guilty,

nevertheless, it is sufficient to support the verdict, it being the province of the jury to determine the guilt or innocence of the accused. Defendant swore he knew nothing about the other black male, who had since disappeared, and yet he was riding in the car with him and drinking beer with him in the parking lot. This was enough to lead to the conclusion that he did, in fact, know that other black male much better than he was willing to admit. Defendant or the other black male was the driver of the vehicle after it was stolen, and such driver necessarily knew where he obtained the car. Riding together in the stolen car, and drinking beer together indicated an intimacy from which the jury could have concluded they were joint conspirators. While circumstantial evidence must exclude every reasonable doubt, it does not have to exclude every possibility of defendant's innocence. *Eason v. State,* 217 Ga. 829, 831 (136 SE2d 320); *Self v. State,* 108 Ga. App. 201 (3) (132 SE2d 548).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 13, 1973 — DECIDED OCTOBER 11, 1973.

*James E. McDonald, Jr.,* for appellant.

*Harry N. Gordon, District Attorney,* for appellee.