## 49035. ROBERTS v. THE STATE.

EVANS, Judge.

The defendant was indicted for a felony, to wit: abuse

of governmental office in that as a police officer of Clayton County he did ask for $125, to which he was not entitled, in return for an agreement to attempt to influence the official actions by Clayton County Solicitor, William E. Frey. It was charged that defendant sought to influence Solicitor Frey as to the disposition of a charge of driving under the influence of intoxicants against one Larry Royals. The jury found him guilty and recommended the charge be treated as a misdemeanor. The court sentenced defendant to serve twelve months but permitted him to serve same on probation and to pay a $1,000 fine at the rate of $100 per month. Defendant appeals. *Held:*

1. Defendant contends there was a fatal variance between the allegata and the probata. The indictment alleged that the agreement was to attempt to influence the official action of the Clayton County Solicitor, William E. Frey. But the proof showed that William E. Frey was not solicitor on the date of the alleged agreement. Where there is a variance as to an element descriptive of the offense, which descriptive averment is alleged with greater particularity than is required, such element must be proved as alleged. *Isenhower v. State,* 88 Ga. App. 762 (77 SE2d 834); *Dockery v. State,* 95 Ga. App. 486 (98 SE2d 123); *Wright v. State,* 52 Ga. App. 202 (182 SE 862); *Marsh v. State,* 120 Ga. App. 46 (169 SE2d 615). Since it was impossible for defendant to agree to attempt to influence a non-existent official, the indictment was fatal, and the proof could not be made to conform to the allegations of the indictment.

2. The indictment alleged an agreement between defendant and Royals to the effect that defendant would attempt to influence the solicitor, William E. Frey. The state contends all elements of the offense were proven by showing that even though Frey was not solicitor on June 14, 1972, the date when the agreement was alleged to have been made, that Frey was subsequently elected solicitor and served as solicitor or as solicitor pro tem. The state further contends the proof showed that H. W. Roberts, Ordinary of Clayton County (who is the brother of defendant) approached William E. Frey after his election as solicitor, and asked him to help his friends,

and discussed in this connection the particular traffic ticket of Royals. Frey testified that he had told a detective that defendant had asked him to secure a continuance of the Royals case, but would not testify that defendant had in fact called him.

The state failed to prove defendant attempted to influence Solicitor Frey. Nor is there any evidence of conspiracy between defendant and his brother, Ordinary H. W. Roberts, so as to show the discussion between the brother and the solicitor was a joint effort to commit an illegal act. The evidence was insufficient to support the verdict.

3. While some other crime found under New Criminal Code, Ch. 26-23 may have been committed under the facts alleged and shown, the elements charged in this indictment, that one officer improperly sought to influence another for a fee, is not shown. See Code Ann. § 26-2305.

*Judgment reversed. Pannell, J., concurs. Eberhardt, P. J., concurs in the judgment.*

SUBMITTED FEBRUARY 6, 1974 — DECIDED MARCH 14, 1974.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.