## 52385. INGRAM v. THE STATE.

CLARK, Judge.

In this appeal from defendant's conviction of motor vehicle theft, the sole issue is whether the evidence was sufficient to authorize the jury's verdict.

Defendant and another person were arrested on May 3, 1975 following their attempt to avoid apprehension by a patrolman who pursued their vehicle because of a traffic violation. After a brief vehicular chase, the pursued car turned onto a side street and its two occupants abandoned the vehicle. Defendant and his companion were found hiding in some bushes within fifty feet of the automobile.

The owner of the vehicle testified that she had parked her car next to her residence on the evening of May 1 and had discovered it missing the following morning. She stated that she had previously seen defendant in her neighborhood as he frequently played cards in the yard across the street from her apartment building. She also stated that she had driven her car previously in defendant's presence and that he had seen her drive the car prior to its theft.

The owner also testified to the substance of a conversation initiated by defendant following his arrest but prior to trial. Defendant told her that friends of his had obtained the car keys when the owner's daughter had mistakenly dropped them on the street. His friends had taken the car on several other occasions, returning it each time before morning. Defendant also told her that he had been in the car previously, but that he didn't know it was her car.

Defendant testified that he was merely a passenger in the car and that he didn't know the vehicle had been stolen. He stated that he hid from the police because he

feared being arrested for drunkenness. In explaining the incriminating statements he gave to the owner of the vehicle, defendant said that it was not until after his arrest that he was told how his friends had acquired the car keys and had used the vehicle on other occasions. He denied telling the owner that he had been in the car at any time other than the night of his arrest.

The evidence presented was sufficient to authorize the jury's verdict. Even though defendant may have been a passenger in the car, rather than the driver of the vehicle, he was nevertheless in joint possession of the recently stolen property so as to authorize, in the absence of a satisfactory explanation thereof, a finding of guilt. *Cheatham v. State,* 57 Ga. App. 858 (197 SE 70); *Morris v. State,* 72 Ga. App. 466 (34 SE2d 46); *Hudson v. State,* 127 Ga. App. 452 (193 SE2d 919). Whether or not defendant's explanation of his possession was a satisfactory or reasonable one was a question for the jury. *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582).

Moreover, this is not a case where the conviction rested *solely* upon proof of recent possession of the stolen item. Defendant's frequent presence in the owner's neighborhood and the owner's previous familiarity with him rendered unlikely his claim that he did not know the car was stolen. The evidence also indicated that defendant was a participant in the conspiratorial scheme to deprive the owner of her car and that he had been present on previous occasions in which the car was taken.

We conclude that the verdict was amply supported by the evidence. See *Bostick v. State,* 129 Ga. App. 892 (201 SE2d 828), wherein evidence less persuasive than that presented here was held legally sufficient to authorize the jury's verdict.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JULY 12, 1976 — DECIDED JULY 16, 1976.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.