## 60966. WARFLE v. THE STATE.

CARLEY, Judge.

Appellant appeals from his convictions of motor vehicle theft and burglary.

The evidence showed that the motor vehicle, a 1975 Dodge van, was taken without the owner's permission sometime between 9:00 p.m. on April 11, 1979, and 7:30 a.m. on April 12, 1979. The burglary occurred on April 11, 1979, between 9:30 p.m. and 11:00 p.m. Both the motor vehicle theft and burglary occurred in Forest Park, Georgia. In the early morning hours of April 13, 1979, a Raleigh, North Carolina police officer stopped the van because it was traveling without lights. Upon discovering that appellant, who was driving the van, was under the influence of alcohol and without a driver's license, the officer arrested him. After the initial arrest the officer discovered that the van had been straight-wired and contained several firearms, later identified as having been stolen in the burglary.

1. In Enumerations 1, 2 and 3 appellant challenges his conviction for motor vehicle theft, asserting as error the general grounds and the denial of his motion for directed verdict of acquittal.

When apprehended, appellant was the driver of the recently stolen van. In the absence of a satisfactory explanation of appellant's possession of the stolen vehicle, this evidence was sufficient in itself to support a conviction for theft by taking. *Callahan v. State,* 148 Ga. App. 555 (4) (251 SE2d 790) (1978); *Robinson v. State,* 150 Ga. App. 261 (257 SE2d 352) (1979). "Whether or not defendant's explanation of his possession was a satisfactory or reasonable one was a question for the jury. [Cit.]" *Ingram v. State,* 139 Ga. App. 340, 341 (228 SE2d 366) (1976).

Having reviewed the evidence in the light most supportive of the jury verdict, we conclude that a rational trior of fact could have found appellant guilty of motor vehicle theft beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was not error to deny appellant's motion for directed verdict of acquittal. *Harper v. State,* 152 Ga. App. 689 (3) (263 SE2d 547) (1979).

2. In Enumerations 4, 5, 6 and 7 appellant attacks his conviction for burglary asserting as error the following: 1) the admission of his statement to the police; 2) the admission of certain testimony as to the condition of the van; and 3) the denial of his motion for directed verdict of acquittal and the insufficiency of the evidence to support the verdict.

Appellant contends that the trial court erroneously admitted into evidence, over objection, testimony by a police officer regarding

two oral confessions by appellant. A Jackson-Denno hearing was held during the trial and, although appellant admitted that he was not threatened and that he was advised of his rights, he testified that he was told he would be "cut loose" if he cooperated with the officers on a separate murder case. The police officer testified that no such promise was made. "When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous. [Cits.]" *Gibbs v. State,* 235 Ga. 480, 483 (220 SE2d 254) (1975). The state's evidence supports the trial court's finding that the statements were voluntary and the appellant's testimony does not demand a contrary decision.

Appellant's argument regarding the admission over objection of testimony as to the physical condition of the van is without merit. While the testimony might have been irrelevant and immaterial, appellant has failed to show any harm. *Chenault v. State,* 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

At trial the victim of the burglary testified as to the circumstances surrounding the theft and identified with specificity the items stolen. Within approximately twenty-seven (27) to thirty (30) hours after the established time of the burglary, appellant was apprehended driving the van in which was discovered property proven to be fruits of the burglary. In the absence of a satisfactory explanation, this evidence was sufficient to authorize the jury's verdict. *Selph v. State,* 142 Ga. App. 26 (1) (234 SE2d 831) (1977). In addition, the jury had the benefit of appellant's statements regarding his participation in the crime. We conclude that the trial court did not err in refusing to direct a verdict of acquittal and that the evidence was sufficient to enable a rational trior of fact to find the appellant guilty of burglary beyond a reasonable doubt. Jackson v. Virginia, supra; *Selph v. State,* supra; *Harper v. State,* supra.

For the foregoing reasons, we find no merit in any of appellant's enumerations of error.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 21, 1981.

*Stephen E. Boswell,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.