## 67095. ELZEY v. THE STATE.

DEEN, Presiding Judge.

Phil David Elzey and Charles R. Hunter were indicted on two counts, theft by receiving stolen property and theft by taking, in connection with a tractor and trailer found in their possession. A state trooper observed the rig weaving along a Union County highway and stopped it to determine whether the driver was under the influence of alcohol or other drugs. Satisfied that such was not the case, the trooper gave Hunter, the driver, and Elzey, the passenger, permission to proceed but stopped them again a few minutes later when he received a radio report that both tractor and trailer were listed as stolen.

At trial there was conflicting testimony as to how the defendants had come into possession of the tractor and trailer and as to why there were obvious discrepancies in the title and tag registrations. At the close of the state's evidence defendant Elzey moved for a directed verdict of acquittal. The court denied the motion, and a jury found Hunter not guilty on Count II and Elzey guilty on Count I. Because the jury was unable to reach a verdict on Count I with respect to Hunter and on Count II with respect to Elzey, the court declared a mistrial on those counts for the respective defendants. Elzey was sentenced to six years' imprisonment. He appeals from this judgment, assigning as error the court's denial of his motion for a directed verdict of acquittal. *Held:*

"Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' . . . the court may direct the verdict of acquittal to which the defendant is entitled under the evidence." OCGA § 17-9-1 (a) (Code Ann. § 27-1802). On appeal of the denial of a motion for a directed verdict, the appellate court is entitled to consider all the evidence in the case, whether the motion was made at the close of the state's evidence, as in the instant case, or at the conclusion of all the evidence. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975); *Causey v. State,* 154 Ga. App. 76 (267 SE2d 475) (1980). It is for the jury to weigh the evidence, and for the appellate court only to determine whether there was sufficient evidence to support the verdict. *Causey v. State,* supra; *Davis v. State,* 151 Ga. App. 222 (259 SE2d 207) (1979). In the instant case there were significant conflicts in the evidence regarding material issues, so that it cannot be said as a matter of law that the evidence, together with reasonable inferences and deductions therefrom, "demanded" a verdict of acquittal. Moreover, "[w]hether or not defendant's explanation of his possession was a satisfactory or

reasonable one [is] a question for the jury." *Warfle v. State,* 157 Ga. App. 196 (276 SE2d 689) (1981); *Ingram v. State,* 139 Ga. App. 340 (228 SE2d 366) (1976). The trial court did not err in denying appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1983.

*R. John Boemanns,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.