67608. EWING v. THE STATE.

DEEN, Presiding Judge.

Dot Ewing appeals from her conviction of aggravated battery, contending that it was error to deny her motion for a directed verdict of acquittal because the state failed to prove all the material allegations in the indictment; that the evidence was insufficient to support the guilty verdict; and that certain photographs of the victim should not have been admitted into evidence.

The evidence showed that Ewing was in the yard of Leon Prater. She had stopped by to ask him to return a jacket which belonged to her when the thirteen-year-old victim walked into the yard. When Ewing asked her what she was doing there, the child replied that it was none of her business. Ewing slapped the child across the face, and the child apparently was attempting to defend herself when Ewing threw a container of potash in her face. When the child began to scream and hold her face, Ewing started to walk down the road laughing. The child was taken to the hospital for treatment and later underwent surgery which consisted of grafting skin tissue from her thigh to her face. *Held:*

1. OCGA § 16-5-24 (Code Ann. § 26-1305) defines an aggravated battery as occurring when one "maliciously causes bodily harm to another . . . by seriously disfiguring his body or a member thereof." The indictment in the present case alleged that Ewing maliciously caused "bodily harm to the person of Alicia Ann White, by seriously disfiguring her body by throwing potash into the face and eyes of the said Alicia Ann White." Ewing contends that the state failed to prove that she threw potash into the victim's face and that it was a material allegation in the indictment.

While an unnecessary description of an unnecessary fact contained in the indictment need not be proven, *Corson v. State,* 144 Ga. App. 559, 561 (241 SE2d 454) (1978), when an element descriptive of the offense is alleged with greater particularity than is required, this element must be proved as alleged. *Roberts v. State,* 131 Ga. App. 316, 317 (205 SE2d 494) (1974).

Through the testimony of the victim and the witness, Mr. Prater, the state proved that the substance thrown in the victim's face was potash. Both witnesses gave their reasons for believing the substance to be potash, and no objection was made to this testimony.

2. The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980); *Driggers v. State,* 244 Ga 160, 162 (259 SE2d 133) (1979). Credibility of the witnesses is solely a question for jury resolution. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

3. Two photographs of the victim were taken the morning after the attack and after considerable swelling had occurred. They were tendered after her mother testified that they were a fair and accurate representation of the way she looked.

Appellant's argument that the photographs were not offered to show the victim's condition, but rather to emotionally sway the jury in favor of the state's case is without merit. Photographs which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury. *Meeker v. State,* 249 Ga. 780 (294 SE2d 479) (1982); *McCorquodale v. State,* 233 Ga. 369, 375 (5) (211 SE2d 577) (1974). The photographs here were admissible and necessary to show the extent, nature and location of the victim's injuries.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Warren L. Mixon,* for appellant.

Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney, for appellee.