### 70129. BRUCE v. THE STATE.
(333 SE2d 394)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of theft by receiving stolen property. *Held*:

1. Subsequent to the filing of defendant's enumerations of error and brief in support thereof, the trial court entered its ex parte order to correct misstatements in the transcript. This order recites that at the trial court's request, the court reporter reviewed the takedown of two specified lines of the transcript to determine the correct reading, that the court reporter informed the trial court that the two lines were transcribed in error and that the court reporter was directed to prepare an affidavit correcting the transcript. The trial court's order, the court reporter's affidavit, and the corrected portion of the transcript were forwarded to this court by the clerk of the trial court. Subsequently, defendant filed in this court his objection to the change in the transcript without a (due process) hearing and requesting that this court enter an order nullifying the changes in the transcript.

OCGA § 5-6-41 (f) provides that "[i]f anything material to either

party is . . . misstated [in the record on appeal] . . . the trial court, either before or after the record is transmitted to the appellate court, . . . of its own initiative, may direct that the . . . misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." The trial court's ex parte actions were authorized by this Code section.

We decline to enter any order altering the transcript. Defendant's remedy in this regard arises under OCGA § 5-6-41 (f) which also provides that "[w]here any party contends that the transcript . . . does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." Thus, if a party wishes to contest the accuracy of a transcript, it may do so by a procedure satisfying the due process requirement of a hearing. However, we note the correct forum for such a proceeding is the trial court and we find no indication that defendant has sought a hearing before the trial court. *Epps v. State*, 168 Ga. App. 79, 80 (1) (308 SE2d 234). Under the facts and circumstances of the case sub judice we find defendant's objections in this court to be without merit as defendant's remedy is in the trial court.

2. Defendant's first two arguments in connection with his first enumeration of error are predicated on the misstatement in the trial court's charge, the correction of which was discussed in Division 1. These issues are rendered moot by the correction of the transcript.

Defendant's third argument is that a sentence in the trial court's charge in regard to the inferences to be drawn from defendant's possession of stolen property amounts to a comment on defendant's decision not to testify. The sentence at issue states that: "Whether or not the Defendant's explanation of his possession is reasonable or satisfactory is a question for you, the jury, to determine based on all the evidence in this case." In view of the evidence in the record as to explanations of his possession made by defendant to law enforcement officers and at prior hearings, we find that this charge is properly adjusted to the evidence. It cannot be reasonably said, in the context of the circumstances of the trial, that the charge called attention to the absence of testimony from the defendant at trial.

3. Defendant enumerates as error the denial of his motion for directed verdict on the ground that the State failed to prove a material averment of the indictment. The indictment contains a description of the vehicle defendant is charged with receiving and retaining which includes the vehicle identification number.

An unnecessarily minute description of a necessary fact must be proven as charged. *Ewing v. State*, 169 Ga. App. 680, 681 (1) (314 SE2d 695). Defendant contends that inclusion of the vehicle identifi-

cation number in the indictment was an unnecessarily minute description of a necessary fact, so that the failure of the State to prove the vehicle identification number amounts to a fatal variance. This contention has been previously rejected in *Holbrook v. State*, 129 Ga. App. 129 (2) (199 SE2d 105). This enumeration is without merit.

4. Defendant enumerates as error the admission of certain testimony, in regard to which no objection was made at trial. This court will not consider issues raised for the first time on appeal. *Moore v. State*, 169 Ga. App. 24, 25 (3) (311 SE2d 226); *Lambert v. Jones*, 250 Ga. 603, 606 (299 SE2d 716); *Starr v. State*, 229 Ga. 181, 183 (1) (190 SE2d 58).

5. Defendant's final enumeration of error contends that the trial court erred by failing to inform defendant of his right to sentence review. See OCGA § 17-10-6. We have previously stated that "the better procedure [is] for the trial court to advise eligible defendants of the right [to seek review" of his sentence by the sentence review board] at the time of sentencing." *Greenway v. State*, 144 Ga. App. 558 (2) (241 SE2d 453). While we continue to urge all trial courts to follow the recommended procedure in advising eligible defendants, we must acknowledge that a failure to so inform a defendant will rarely, if ever, be harmful error on appeal due to the provisions of OCGA § 17-10-6 (a) whereby sentence review is still available following appeal. OCGA § 17-10-6 (a) provides in part: "Any defendant seeking a review of such sentence or sentences shall make application therefor within 30 days of the date on which the sentence was imposed by a judge of the superior court or after the remittitur from the Court of Appeals or Supreme Court affirming the conviction is made the judgment of the sentencing court, whichever occurs last." Compare *Webb v. State*, 154 Ga. App. 395, 397 (4) (268 SE2d 438). This enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 12, 1985 — 

*Mobley F. Childs, Erwin Mitchell, Neil Wester*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.