## 71471. CLARK v. THE STATE.
(341 SE2d 909)

BENHAM, Judge.

A jury convicted appellant of theft by taking a motor vehicle and driving under the influence. On appeal, appellant questions the sufficiency of the evidence concerning several elements of the crimes of which he was convicted.

1. Appellant first contends that a variance between the vehicle identification number (VIN) contained in the indictment and the VIN proved at trial is fatal and requires reversal of his conviction. We disagree. The indictment described the stolen automobile as a "1973 Ford Galaxie . . . , VIN # 3N5411111947, bearing Georgia Tag # DOA 336, the property of Jessie Carter. . . ." (Emphasis supplied.) At trial, the State established that two sheriff's deputies, responding to the report of an accident, found an automobile with extensive damage resting against two trees, 26-33 feet from the roadway. The car was described as a 1973 Ford Galaxie, VIN 3NS411111947, tag number DOA 336, belonging to Jessie Carter. Appellant asserts as fatal the variance between the "5" in the indictment and the "S" in the officer's testimony.

"The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. [Cit.]" *DePalma v. State,*

225 Ga. 465 (3) (169 SE2d 801) (1969). "Failure to prove the serial number of the stolen vehicle as alleged in the indictment was not a fatal variance between the allegation and the proof where there was other identification sufficient to identify the vehicle described in the indictment and in the proof as being one and the same." *Holbrook v. State*, 129 Ga. App. 129 (2) (199 SE2d 105) (1973). See also *Bruce v. State*, 175 Ga. App. 453 (3) (333 SE2d 394) (1985). In the case at bar, the year, model, make, and license tag number of the automobile described in the indictment and the automobile found were identical. Furthermore, the owner of the vehicle, as alleged in the indictment, testified that the car found by the sheriff's deputies was his. These additional bits of identification information were sufficient to identify the vehicle alleged and the vehicle proved as being one and the same. Therefore, the single-digit variance in the 12-digit serial number did not constitute a fatal variance. *Holbrook v. State*, supra.

2. Appellant next contends that his "uncontradicted and unimpeached" testimony consistent with innocence rebutted the inference of guilt arising from his constructive possession of the stolen vehicle. Appellant testified that he did not remember taking the car but that he did recall being arrested where the car was recovered. Such testimony is not consistent with innocence. Furthermore, appellant's possession of the stolen vehicle was not constructive. The two investigating officers testified that appellant was sitting in the car as they arrived, but ran off toward a wooded area when they stopped. The officers pursued him and captured him within 100 yards of the abandoned vehicle. See *Warfle v. State*, 157 Ga. App. 196 (1) (276 SE2d 689) (1981).

3. Finally, appellant maintains that the evidence of his intoxication was insufficient to warrant his conviction for driving under the influence.

Each of the arresting officers stated he smelled the odor of alcohol upon appellant's breath; one deputy stated appellant was unsteady on his feet, and the other deputy described appellant's behavior as belligerent. The officer who would have administered the intoximeter test to appellant had appellant not refused to undergo the procedure stated appellant appeared to be intoxicated, was staggering, and had the odor of alcohol upon his breath. All three officers stated they were of the opinion it was less safe for appellant to be operating a motor vehicle. The evidence was sufficient to allow a rational trier of fact to find appellant guilty beyond a reasonable doubt of driving under the influence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *McLarty v. State*, 176 Ga. App. 433 (2) (336 SE2d 273) (1985).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1986.

*Susan C. Janowski, Charles D. Chastain*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.