A02A0298. THE STATE v. WHITLOW et al.
(558 SE2d 736)

PHIPPS, Judge.

After marijuana was found in their car during a traffic stop, Carnell Whitlow and Quintin Jackson were charged with violations of the Georgia Controlled Substances Act. The State appeals the trial court's grant of their motions to suppress the evidence. Viewing the evidence in a light most favorable to the trial court's judgment, we affirm.

After observing a car weaving in and out of its lane of traffic on Interstate 20, Douglasville Police Officer Wade Rogers effected a traffic stop to check the sobriety of the driver, Whitlow. According to Rog-

---

ers, Whitlow produced a valid driver's license, gave no indication that he was under the influence of alcohol or drugs, although he was very nervous, and sought to explain his irregular driving by stating that he was operating a rental car and was unfamiliar with the way it handled. He also informed Rogers that he was returning to Alabama after having been in the Campbellton Road area of Atlanta.

Rogers then asked the vehicle's front seat passenger, Jackson, for the automobile rental contract. According to Rogers, Jackson was very defensive and also extremely nervous. Upon examining the rental contract, Rogers saw that Jackson had rented the car in Alabama that day; that he had paid by credit card titled in the name of a business; and that the rental contract listed Jackson as the sole authorized driver, even though (as ascertained by Rogers) Jackson's license had been suspended. When Rogers asked Jackson about his travel itinerary, he responded that he had been to the Windy Hill Road area of Atlanta in Marietta on a personal matter.

After issuing Whitlow a warning citation for failure to maintain his lane of traffic, Rogers asked Jackson for consent to search the vehicle, but Jackson refused. Rogers testified that he asked for consent to the search, in part because a trend has developed in which interstate travelers rent vehicles, come to Atlanta from other areas to purchase narcotics, and return on the same day. A drug detection dog arrived on the scene approximately 20 minutes after the stop was made and, during an open air sniff, alerted on the presence of narcotics in the vehicle. A search of the vehicle revealed a large garbage bag full of marijuana in a suitcase in the trunk.

" '[T]he stop of a vehicle is authorized if an officer observes the commission of a traffic offense.' [Cit.]"[1] However, "[a]n officer who questions and detains a suspect for other reasons exceeds the scope of permissible investigation unless he has 'reasonable suspicion' of other criminal activity."[2]

In a line of cases represented by *Roundtree v. State*,[3] *Pitts v. State*,[4] and *State v. Hall*,[5] this court held that when the subjects of a traffic stop appear unusually nervous and give conflicting answers to routine questions posed by the investigating officer during the stop, reasonable suspicion of criminal activity exists. In *Migliore v. State of Ga.*,[6] however, we held that where the statements attributed to the individuals who were questioned did not contain meaningful incon-

---

[1] *State v. Bute*, 250 Ga. App. 479, 481 (552 SE2d 465) (2001).
[2] *State v. Blair*, 239 Ga. App. 340, 341 (521 SE2d 380) (1999).
[3] 213 Ga. App. 793 (446 SE2d 204) (1994).
[4] 221 Ga. App. 309, 311 (2) (471 SE2d 270) (1996).
[5] 235 Ga. App. 412 (509 SE2d 701) (1998) (physical precedent only).
[6] 240 Ga. App. 783 (525 SE2d 166) (1999).

sistencies, reasonable suspicion to detain and investigate for illicit drug activity did not arise from their nervousness. *Simmons v. State*[7] held that nervousness on the part of the driver and passenger, plus the fact that they were driving a car rented by an individual who was not present in the car, did not add up to reasonable suspicion of criminal activity.

This case is similar to *Migliore* and *Simmons*, in that there are meaningless inconsistencies in the subjects' answers, nervousness, and the absence of an authorized driver under the automobile rental agreement. Neither in isolation nor in their totality do these facts give rise to reasonable suspicion of illegal drug activity or other criminal behavior. Nor was reasonable suspicion of illegal drug activity necessarily established by the officer's testimony that he detained Jackson and Whitlow in part because of the trend concerning rental car usage and drug trafficking. In the order granting the motions to suppress, the court gave this testimony no weight. This the court was authorized to do, as "(determining the c)redibility of witnesses and the weight to be given their testimony is a . . . power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony. [Cit.]"[8] Moreover, it is not illegal to rent a car in Alabama and drive it to Georgia for the day. Construed most favorably to upholding the findings and judgment of the trial court, the evidence supports its grant of the motions to suppress.[9]

*Judgment affirmed. Mikell, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED JANUARY 4, 2002.

*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellant.
*Wade, Walker & Associates, Christopher L. Walker, Alison S. Kubiak, Lee W. Fitzpatrick*, for appellees.

---

[7] 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).
[8] *State v. Gibbons*, 248 Ga. App. 859, 860 (1) (547 SE2d 679) (2001).
[9] See, e.g., *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001).