A02A0427. GRIFFIN v. STATE OF GEORGIA.
(566 SE2d 414)

MILLER, Judge.

Davis Griffin appeals the drug forfeiture of a parcel of improved real property he owns, contending that the State failed to prove by a preponderance of the evidence that the property was used to facilitate a purchase or sale of a controlled substance. See last sentence of OCGA § 16-13-49 (e). As there was evidence to support the finding that the property was so used, we affirm.

1. "Upon appellate review, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard should be given to the opportunity of the trial court to judge the credibility of the witnesses. The clearly erroneous test is the same as the any evidence rule." (Citations and punctuation omitted.) *Morris v. State of Ga.*, 234 Ga. App. 683 (507 SE2d 532) (1998). After the bench trial here, the trial court found "numerous incidents of drug dealing on the property."

Viewed in the light most favorable to the trial court's judgment (see *Corsini v. State*, 238 Ga. App. 383 (1) (519 SE2d 39) (1999)), the record shows that on October 21, 1999, an undercover agent went into Griffin's premises and asked him where she could purchase drugs. Griffin responded, "[L]ook around, take your pick," and then called an individual back to the kitchen and told him to close the door. The agent then bought drugs from the individual in Griffin's presence. A week later, the agent again entered the premises and asked Griffin from whom she could get some drugs. Griffin gave her the name of an individual playing pool in the premises, though when she approached that individual, he told her he did not have any drugs. She then purchased drugs from another individual at the door to the premises. Finally, on January 6, 2000, a narcotics investigator entered the premises and observed drugs being openly sold in the presence of Griffin.

The record shows several other incidents of drug dealing on the property. The foregoing suffices, however, to demonstrate that the finding of the trial court, which was legally sufficient under *Salem v.*

*State of Ga.*, 232 Ga. App. 886, 890 (1) (503 SE2d 62) (1998), cannot be set aside as clearly erroneous under the "any evidence" rule.

2. Griffin also asserts error in the trial court's failure to hold a post-trial hearing on whether the forfeiture violated the Eighth Amendment prohibition against the imposition of "excessive fines." Griffin claims that such a hearing is mandated by *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994). *Thorp* mandates, however, only that when an excessiveness analysis is made, certain factors must be evaluated. Id. at 714-718 (3). Griffin did not raise the issue below, and thus we cannot consider it here. "[Defendant] did not raise any issue concerning excessiveness in the trial court and therefore has waived appellate review. We will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court." (Citations omitted.) *Jones v. State of Ga.*, 249 Ga. App. 64, 67 (2) (547 SE2d 725) (2001).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 7, 2002 — ▮▮▮▮▮▮▮

*Louis K. Polonsky*, for appellant.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Thomas W. Hayes, Gary D. Bergman*, for appellee.