A02A1984. WHITE v. STATE OF GEORGIA.
(574 SE2d 892)

ANDREWS, Presiding Judge.

Following a bench trial, Melissa White appeals from the trial court's order granting the State's forfeiture complaint against her 1995 Jeep Cherokee, contending that the complaint named the wrong property, the officer did not develop probable cause during her continued detention, and the taking of the Jeep violated the Eighth Amendment's prohibition against excessive fines. Finding no error, we affirm.

Viewed with all inferences in favor of the trial court's findings, the evidence was that, around midnight of August 28, 2001, Deputy Sheriff Welborn, in uniform and driving a marked car, met White's Jeep on the highway and noticed that one of her headlights was not functioning. He turned his car around, activated his blue lights, and pulled over the Jeep, bearing tag number 179 YAG. Deputy Welborn advised her of the headlight problem and asked for her license and insurance, which White provided. He also noticed that White was very nervous, anxious, sweating profusely, and kept looking around in the vehicle. White's baby was in a car seat on the right rear seat. Because he did not know what White was looking for in the car, Deputy Welborn asked her to get out of the Jeep while he checked her documents. He examined the documents and then returned them to her, without issuing a warning or citation for the headlight violation. At this point, although he did not so advise White, she was free to leave. Deputy Welborn tried to engage White in conversation, but she kept looking around and away. When asked why, White initially replied she was scared, but then stated she was not scared. When asked if she were hiding something, White responded negatively.

Because her demeanor suggested to Deputy Welborn, based on his experience, something other than nervousness over a traffic stop, he asked White for permission to search the Jeep. White said her baby was in the car, but Deputy Welborn said he would not disturb the child and was only looking for weapons or drugs. White then consented to the search and said the "pills that I was looking for was [sic] in her dash. . . ." In the dash, Deputy Welborn found two pill bottles with a mixture of pills in them. At that point, White was placed under arrest for having drugs not in their original containers. Also found in the driver's seat was a half straw containing a powdery residue. In a black bag, Deputy Welborn found MSM, a B-12 like substance used to cut drugs, as well as sandwich bags and rolling papers. In the rear floorboard, in front of the baby, Deputy Welborn found another black pouch containing a yellowish chunky substance which later tested positive for methamphetamine.

When interviewed by Narcotics Agent Seagraves, White told him that "[m]y dad's in jail, Jeremy Tester's in jail, and my sister just got raped. I was just trying to make money for a lawyer." She asked how much crank had been found, and, when told it totaled seventeen grams, she said it was only about "six grams of crank that had been re-rocked" or cut with MSM. Agent Seagraves testified that the Jeep seized was the 1995 Cherokee bearing plate number 179 YAG and that he received the vehicle identification number through the Georgia Crime Information Center. Apparently, when the information was referred to the district attorney's office for forfeiture proceedings, typographical errors occurred in the VIN.

1. In the complaint of forfeiture, the Jeep was described as a "1995 Jeep Cherokee, VIN 1J4FX585*F*SC*8*61450," when, in fact, the VIN was 1J4FX58*S*7SC*6*61450. (Emphasis supplied.) White contends the trial court erred in denying her motion to dismiss the action based on this discrepancy.

Pursuant to OCGA § 16-13-49 (o), the complaint "shall describe the property with reasonable particularity." As provided in OCGA § 16-13-49 (z), "[t]his Code section must be liberally construed to effectuate its remedial purposes" and substantial compliance is sufficient. *Eaves v. State*, 236 Ga. App. 279 (1) (511 SE2d 621) (1999).

White, in her verified answer, asserted an ownership interest in the Jeep described in the complaint and did not raise any issue regarding the VIN.

"A forfeiture action is a *civil* proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases." (Citations and punctuation omitted;

emphasis in original.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). The trial court in this case sat as the factfinder, and we will not disturb its findings unless they were clearly erroneous. Id. And a trial court's findings of fact "are not clearly erroneous if there is any evidence to support them." (Citation and punctuation omitted.) Id.

*Jones v. State of Ga.*, 249 Ga. App. 64, 68 (3) (547 SE2d 725) (2001).

As concluded by the trial court, the complaint described the vehicle being condemned with "reasonable particularity." Even when a VIN is included in a criminal indictment and there is a discrepancy with the actual VIN, no fatal variance between allegata and probata occurs when there is sufficient proof that the vehicle described in the indictment and the one proven are the same. *Clark v. State*, 178 Ga. App. 47 (1) (341 SE2d 909) (1986); *Holbrook v. State*, 129 Ga. App. 129 (2) (199 SE2d 105) (1973); see *Bruce v. State*, 175 Ga. App. 453, 454 (3) (333 SE2d 394) (1985); *Farr v. State*, 127 Ga. App. 120, 121 (192 SE2d 500) (1972).

The evidence here supported the condemnation. *Davis v. State of Ga.*, 256 Ga. App. 299, 304 (2) (568 SE2d 161) (2002).

2. White's second enumeration is that the officer failed to develop probable cause during the continued detention. No motion to suppress the illicit drugs found in the condemned vehicle was made. See *State of Ga. v. Tucker*, 242 Ga. App. 3 (528 SE2d 523) (2000). Although the illegality of the search was raised in White's answer, it was not specifically addressed during the forfeiture hearing or by the trial court's order.

To the extent that the issue is raised when considering whether the trial court's findings were clearly erroneous, we consider it. *Jones v. State of Ga.*, supra.

There was probable cause for the initial stop, based on the officer's observance of a traffic violation, the nonfunctioning headlight. *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000).

Once the vehicle was lawfully stopped, the officer was allowed to ask for the driver's consent to search the car. See *Stokes v. State*, 238 Ga. App. 230, 233 (518 SE2d 447) (1999). No additional probable cause or articulable suspicion was required to simply ask the question. Id. "Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual . . . and request consent to search — as long as the police do not convey a message that compliance with their requests is

required." (Citations and punctuation omitted.) *State v. Westmoreland,* 204 Ga. App. 312 (1) (418 SE2d 822) (1992).

*State v. Millsap,* 243 Ga. App. 519, 520 (528 SE2d 865) (2000).

Here, unlike in the cases relied upon by White, there was an observed traffic violation, only a minimal amount of time elapsed between the officer's return of White's license and insurance and his request to search, and there was no immediate refusal by White to give consent. When the officer assured her that her baby would not be disturbed, she consented. *State v. Whitlow,* 253 Ga. App. 149, 150 (558 SE2d 736) (2002) (driver refused consent); *State v. Hanson,* 243 Ga. App. 532 (532 SE2d 715) (2000) (no traffic violation observed).

There was no improper prolonged detention in this case. *Henderson v. State,* 250 Ga. App. 278 (551 SE2d 400) (2001), citing *State v. Sims,* 248 Ga. App. 277 (546 SE2d 47) (2001); *Navicky v. State,* supra.

3. Finally, White contends that forfeiture of the Jeep violates the excessive fine prohibition of the Eighth Amendment.

A review of the record and transcript, however, shows no argument was made regarding the claimed excessiveness of the fine. Therefore, there is nothing in this regard for this Court to review. *Griffin v. State of Ga.,* 255 Ga. App. 687, 688 (2) (566 SE2d 414) (2002); *Jones v. State of Ga.,* supra.

*Judgment affirmed. Mikell, J., concurs. Phipps, J., concurs in the judgment only.*

DECIDED DECEMBER 4, 2002.

*Sean A. Black,* for appellant.
*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney,* for appellee.