## A04A2249. CHANG v. THE STATE.
(608 SE2d 283)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of Gwinnett County convicted Kum Su Chang of possession of cocaine in violation of OCGA § 16-13-30 (a). Chang appeals, contending the trial court erred in denying her motion to suppress evidence obtained at a traffic stop. Finding no error, we affirm.

In reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court and adopt the court's findings on disputed facts and witness credibility unless they are clearly erroneous. *Tucker v. State*, 261 Ga. App. 567 (583 SE2d 233) (2003). But "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). We are mindful that "[t]he exclusion of evidence is an extreme sanction and one not favored in the law." (Citation omitted.) *Tew v. State*, 246 Ga. App. 270, 272 (1) (539 SE2d 579) (2000).

The trial court denied Chang's motion to suppress evidence of cocaine found in a patrol car where Chang had been sitting, based on the following undisputed facts. At approximately 9:20 p.m. on May 24, 2003, a police officer pulled over a pickup truck being operated without a working tag light. Chang was a passenger in the truck. When asked to produce his license, the truck's driver told the officer he did not have it with him. While he investigated the driver's identity, the officer asked the driver to step out of the truck and to sit in the back of the patrol car. While frisking the driver for weapons before putting him in the patrol car, the officer observed that the driver was wearing an ankle bracelet indicating he was under house arrest. The officer then obtained the driver's consent to search the truck.

Another officer arrived to help with the stop and approached the truck to begin the consent search. The backup officer asked Chang to step out of the truck during the search. For the officer's own safety and because the shoulder of the road did not provide a safe place for Chang to stand during the search, the officer asked her if she would mind sitting in the back of his patrol car. The officer told Chang she was not in any trouble. The patrol car had been inspected before Chang got in it.

During the search, the officer found drug paraphernalia — a filter commonly used to ingest crack cocaine and a small plastic baggie commonly used to package drugs. The driver denied any knowledge of these items. The officers went to the other patrol car to

speak to Chang and asked her to remove her shoes and socks. Chang removed one sock but refused to remove the other. The officers closed the door and briefly walked away from the patrol car in which Chang was sitting. When the backup officer returned and opened the door to let Chang out of the patrol car, she spontaneously removed her other sock. After Chang left the patrol car, the officers searched it and found a smear of cocaine on the seat and a crack pipe and a small quantity of crack cocaine stuffed between the cushions of the seat where Chang had been sitting. After receiving a positive result on a field chemical test, the officers placed Chang under arrest. The officers had not yet issued any citations to the driver.

Chang contends the officers illegally seized her when they "generally ordered [her] around" and "locked her in the back of their patrol car without having reasonable suspicion of criminal activity or [her] free and voluntary consent." As a result, Chang contends, they seized the evidence of her possession of cocaine in violation of her Fourth Amendment rights, and the trial court erred in denying her motion to suppress that evidence. We have recently summarized the applicable law as follows:

> [W]hen police make a traffic stop, as a practical matter, not only the driver of the stopped vehicle but also any passengers are detained during the stop and are considered "seized" within the meaning of the Fourth Amendment. Accordingly, as a passenger in the stopped vehicle, [Chang] was entitled to the benefit of Fourth Amendment reasonableness requirements applicable to the temporary seizure of [her] person. . . . Under *Terry* [*v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)], an officer's actions taken during a valid traffic stop must be reasonably related in scope to the circumstances which justified the stop in the first place, and limited in duration to the time reasonably necessary to accomplish the purpose of the stop. . . . [I]t does not unreasonably expand the scope or duration of a valid traffic stop for an officer to prolong the stop to immediately investigate and determine if the driver is entitled to continue to operate the vehicle by checking the status of the driver's license, insurance, and vehicle registration. . . . [I]t [is] also reasonable for the officer to request identification from . . . [a] passenger, and to run a computer check on [the driver and the passenger] for outstanding warrants. . . . [The] risks [inherent in traffic stops] create a strong interest in officer safety that justifies reasonable safety measures that minimally intrude upon the

Fourth Amendment privacy expectations of motorists. Background checks on vehicle occupants for outstanding warrants or criminal histories allow officers to better determine whether a detained motorist poses an increased risk for violent behavior during the stop, and whether backup or other safety measures may be prudent. . . . [T]hese checks are minimally intrusive safety measures that do not unreasonably expand the scope of a valid traffic stop or its duration, as long as under the circumstances they do not unreasonably prolong the stop.

(Citations and footnote omitted.) *State v. Williams*, 264 Ga. App. 199, 201-203 (590 SE2d 151) (2003). Further, once a vehicle is lawfully stopped, the officer is allowed to ask for the driver's consent to search the car. *White v. State of Ga.*, 258 Ga. App. 700, 702 (2) (574 SE2d 892) (2002).

No additional probable cause or articulable suspicion [is] required to simply ask the question. Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual and request consent to search — as long as the police do not convey a message that compliance with their requests is required.

(Citations and punctuation omitted.) Id. at 702-703 (2).

It is undisputed that, as a result of witnessing a traffic violation, the arresting officer in this case had probable cause to initiate a traffic stop. See *State v. Williams*, 264 Ga. App. at 201-202 (improperly displayed tag); *White v. State of Ga.*, 258 Ga. App. at 702 (2) (lack of working headlight). The officer did not unreasonably expand the scope or duration of a valid traffic stop by conducting background checks, particularly in light of the driver's failure to carry a license and his house-arrest ankle bracelet. *State v. Williams*, 264 Ga. App. at 203-204. The officer was authorized during a valid traffic stop to ask for the driver's consent to search the vehicle. *White v. State of Ga.*, 258 Ga. App. at 702 (2). It is undisputed that the backup officer asked if Chang would sit in the patrol car for his own and for Chang's safety during his quick search of the vehicle. Further, there is no evidence the officers conveyed a message that compliance with their requests that Chang sit in the patrol car and that she remove her socks was required or that Chang was not free to leave. Therefore, the officers' requests did not unreasonably expand the scope or duration of the traffic stop. *State v. Williams*, 264 Ga. App. at 203-204. Finally, Chang has not shown that she had a reasonable expectation of privacy regarding items she voluntarily abandoned in the back of the patrol

car. After reviewing the record, we find no basis for concluding that the officers did not diligently pursue the investigation or that they postponed issuing the traffic ticket while engaging in activity that unreasonably expanded the duration or scope of the stop. Id. at 204-205. Accordingly, the trial court did not err in denying Chang's motion to suppress.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 8, 2004.

*Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, Brooke O. Langston, Assistant District Attorney*, for appellee.