**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 12, 2013**

# In the Court of Appeals of Georgia

A13A0491. DAVIS v. THE STATE.

DILLARD, Judge.

Following his conviction for possession of marijuana in a stipulated bench trial, Johnny Kimble Davis appeals the denial of his motion to suppress, arguing that the trial court erred in not ruling that the police officer impermissibly extended his detention after a traffic stop. For the reasons noted *infra*, we affirm.

Construing the evidence most favorably to uphold the trial court's findings and judgment,[1] the record shows that on January 24, 2012, Davis was a passenger in a vehicle traveling on I-75 in Henry County when a police officer stopped the vehicle for failure to maintain lane. On approaching the vehicle, the officer detected the odor

---

[1] *See Humphreys v. State*, 304 Ga. App. 365, 365 (696 SE2d 400) (2010) ("In reviewing a trial court's order on a motion to suppress, we construe the evidence most favorably to uphold the court's findings and judgment.").

of alcohol, and he asked the driver to exit the vehicle to make sure that she was not impaired. After observing that the driver appeared to be "steady on her feet," the officer decided only to issue a warning citation for failure to maintain lane. The officer then, following normal procedure, ran the driver's license information through dispatch to make sure that the license was valid and that the driver did not have any outstanding warrants.

While the officer waited to hear back from dispatch, he spoke with the two passengers in the vehicle to obtain their identification information and run a warrant search on each of them as well. Davis, the front passenger, gave his name when asked, but the rear passenger proved to be less cooperative. And after the rear passenger refused to give his information, the officer walked around the vehicle, opened the car door to make contact with the passenger, and immediately detected the smell of burnt marijuana. At that moment, the return from dispatch came over the radio. Thereafter, and incidental to his detection of the odor of marijuana, the officer performed a search of the car and discovered less than one ounce of unburnt marijuana, which Davis later admitted belonged to him.

Davis was subsequently charged with possession of a controlled substance[2] and filed a motion to suppress the marijuana discovered as a result of the officer's search. Specifically, Davis contended that the officer completed the driver's citation before he began to question the passengers and, therefore, that the questioning and resulting search exceeded the scope of the traffic stop. Conversely, the State argued that the traffic stop was not concluded because the officer had not yet issued the citation to the driver, nor had he received the dispatch return when he detected the odor of marijuana.

During a hearing on the motion, the officer testified that he detected the odor of burnt marijuana before receiving the return from dispatch. And when defense counsel confronted him with statements from his report that suggested two different times when he initially smelled the marijuana (both being after the dispatch return), the officer testified that only one of those statements was indeed erroneous. On redirect, the officer again asserted that he smelled the marijuana before he received the return from dispatch. The trial court then denied Davis's motion, and the matter proceeded to a stipulated bench trial, after which Davis was convicted of the offense. This appeal follows.

_____

[2] *See* OCGA § 16-13-30 (j) (1).

3

At the outset, we note that in reviewing a trial court's decision on a motion to suppress, "we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous."[3] Further, because the trial court is the trier of fact, its findings "will not be disturbed if any evidence supports them";[4] but the trial court's application of law to undisputed facts is reviewed *de novo*.[5] With these guiding principles in mind, we turn now to Davis's enumeration of error.

In asserting error, Davis does not contest the validity of the stop itself, but instead argues that the trial court erred in denying his motion to suppress because the officer's actions during the stop unlawfully and impermissibly extended his detention. We disagree.

In the course of a traffic stop, both the driver and any passengers are considered "seized" within the meaning of the Fourth Amendment to the United

---

[3] *Rocha v. State*, 317 Ga. App. 863, 866 (733 SE2d 38) (2012).

[4] *Id.*

[5] *Id.*

States Constitution,[6] and both the driver and the passenger are entitled to the protections of that amendment.[7] In this regard, an officer's actions at a valid traffic stop "must be reasonably related in scope to the circumstances which justified the stop in the first place, and limited in duration to the time reasonably necessary to accomplish the purpose of that stop."[8] Specifically, we consider two elements in determining whether a stop has been impermissibly extended: (1) the actions taken must be "reasonably related in scope" to the initial justification for the stop and (2) they must not unreasonably prolong the detention.[9]

Here, the officer's actions were reasonably related to the circumstances of the traffic stop. The officer questioned the passengers in order to obtain their information

---

[6] U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

[7] *Chang v. State*, 270 Ga. App. 814, 815 (608 SE2d 283) (2004).

[8] *Id.*; *see also Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." (punctuation omitted)).

[9] *Chang*, 270 Ga. App. at 815.

to run a warrant search, which is exactly the type of minimally intrusive measure that is acceptable during a traffic stop.[10] And because the officer's actions were reasonably related to the scope of the stop, the only way they could have impermissibly extended Davis's detention is if they unreasonably prolonged that detention.

In this regard, a stop is not unreasonably prolonged so long as it is "limited in duration to the time reasonably necessary to accomplish" its purpose.[11] And the time reasonably necessary to accomplish the purpose of a traffic stop "includes the time necessary to verify the driver's license, insurance, registration, and to complete any paperwork connected with the citation or a written warning."[12] It also includes the time necessary to "run a computer check to determine whether there are any

---

[10] *See, e.g., id.* at 815-16 (holding that it is reasonable in the interest of officer safety to allow an officer at a traffic stop to obtain identification information from drivers and passengers in order to run a computer check for outstanding warrants); *State v. Williams*, 264 Ga. App. 199, 203 (590 SE2d 151) (2003) ("[T]hese checks are minimally intrusive safety measures that do not unreasonably expand the scope of a valid traffic stop . . . as long as under the circumstances they do not unreasonably prolong the stop." (punctuation omitted)).

[11] *Chang*, 270 Ga. App. at 815 (punctuation omitted); *see also Salmeron*, 280 Ga. at 736.

[12] *Proctor v. State*, 298 Ga. App. 388, 391 (2) (680 SE2d 493) (2009) (punctuation omitted).

6

outstanding arrest warrants for the driver or the passengers."[13] Thus, the dispositive issue in the case *sub judice* is whether the officer smelled the marijuana prior to completing his investigation into the traffic violation.

The determination as to when the officer received a warrant return is, of course, a question of fact, and a finding of fact by the trial court should not be disturbed if there is any evidence to support it.[14] Here, there is evidence to support the trial court's finding because the officer testified that he questioned the passengers and detected the odor of marijuana before receiving the results of his warrant query. And while there were discrepancies in the officer's testimony at the motion hearing, "the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous,"[15] and we are not at liberty to "usurp the authority of the trial judge to consider . . . credibility-related evidence in reaching its decision."[16] The trial court, having heard all of the testimony, made its determination as to the facts,

---

[13] *Id.*; *see also Young v. State*, 310 Ga. App. 270, 272-73 (712 SE2d 652) (2011).

[14] *Brown*, 278 Ga. App. at 459-60.

[15] *Id.* at 460 (punctuation omitted).

[16] *Id.* at 461 (punctuation omitted).

7

and we decline to disturb the court's finding that the officer received the warrant results only after questioning the occupants and detecting an odor of marijuana.

Accordingly, we conclude that (1) the officer did not impermissibly extend Davis's detention, and (2) the officer's questioning of Davis and the other passenger neither constituted an extension of the scope of the detention nor unreasonably prolonged the search because it occurred within the time necessary to complete the warrant check.

For all the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*